Bosworth, J.
Perfecting an appeal from a judgment at special term to the general term, or from a judgment of affirmance by the general term to the Court of Appeals, by giving such an undertaking as stays all further proceedings in the court below, upon the judgment appealed from, neither divests the,lien of either of the judgments appealed from, nor discharges the sureties on the appeal first taken from the special to-the general term.
Section 8 of 2 E. S. 359, prescribing the duration of liens by judgment, expressly provides that the time during which the party recovering a judgment shall be restrained from proceeding thereon by the operation of any writ of error, shall not constitute any part of the ten years, which is made the limit of the lien, as against purchasers in good faith, and subsequent encumbrancers. Section 6 makes the lien absolute and unlimited as against the judgment debtor. Section 1 limits it to ten years as against a certain class of persons, but even as against these, section 8 continues it beyond the ten years for such term of time as the plaintiff in the judgment shall be restrained from proceeding on it by the operation of a writ of error. This section, in effect, not only declares that an appeal, which operates as a stay, shall not divest the lien of the judgment, but shall not abridge its duration as against bond fide purchasers and subsequent encumbrancers, but on the contrary shall extend it as against them, for an additional period coexistent with the time that proceedings upon it are thus suspended.
It was because such was the law in this State, that § 282 of the Code provided a way in which a suspension of a lien by judgment might be effected “ during the pendency of the appeal as against purchasers and mortgagees in good faith,” But even this section does not confer power to suspend the lien as against the judgment debtor, and perhaps not as against subsequent encumbrancers by judgment.
The objection, that the sureties in the undertaking are dis *663 charged, by the extension of time procured by the principal by means of the stay, is untenable. It is not an extension obtained by an arrangement between the judgment debtor and the plaintiff, and by the consent of the latter. The extension is given by law, and against the will of the plaintiff. The principle contended for has no application to this case. The debtor has deposited his own money; no question arises as to the rights or liabilities of sureties, hut the only questions presented affect solely the rights and liabilities of the judgment debtor.
A judgment of a court of record is not merged by the recovery of a subsequent judgment in an action upon the first, either in the same or in a different court. (Mumford v. Stocker, 1 Cow. 178.) Nothing but actual satisfaction will cancel the first judgment, or divest its lien.
The judgment of the Court of Appeals, -if one of affirmance, like that of the general term, will have no other effect than to affirm the judgment, which, the money now applied for, was deposited to pay, in that contingency. The defendants have a right to resort to the sum deposited, in the event of an affirmance by the Court of Appeals, and the motion must be denied.
Approved on consultation.