Bosworth, J.
The payment, by the plaintiff of $250 into court, was a voluntary act on his part. It was a substitute for an undertaking executed by himself and at least two sureties. It was made to obtain a stay of proceedings, pending an appeal from the Special to the General Term. (Code, §§ 344 and 348.)
The deposit was made, to furnish to the defendants security for the payment of the judgment appealed from, (if it should be affirmed), and of the costs of the appeal. It continued the plaintiff’s money, and its safety was at his risk.
The fact, that the defendants objected to the plaintiff’s taking it out of court, after he had appealed to the Court of Appeals from the judgment of the General Term, does not alter the position of the parties. The motion to withdraw it from court, was made on the ground, that perfecting security on the latter appeal, released this fund from all claims or liens of the plaintiff. His objection to its withdrawal was, that the court had no right to deprive him of a security which the law had given him. He had a right to such security, as the actual deposit furnished. The depositing of the money, was neither an absolute nor a conditional payment of the judgment, which it was designed to secure. Its safety was not at the respondent’s risk any more than that of the solvency of sureties in an undertaking would have been. If the money on being deposited, had been retained in specie, separated from all other moneys, and had been destroyed by fire, or stolen by a burglar, its destruction or loss, would not have been the loss of the respondent. The statute says to an appellant, instead of executing an undertaking with sureties, you may deposit money with the clerk, as security for the judgment and the costs of the appeal. But the deposit is at the risk of the depositor. If lost, without any act of the respondent contributing to produce that result, the owner and depositor of it must, in such a case as this, bear the loss. The motion must be denied.