## COWDREY a. CARPENTER.

*New York Superior Court; General Term, November,* 1863.

STAY OF PROCEEDINGS.—SUPPLEMENTARY PROCEEDINGS.

An appeal from a judgment, with the requisite security to effect a stay of proceedings, suspends proceedings supplementary to execution thereon ; but the judge before whom such proceedings are pending has not power to dismiss them on that account.

If the judge could be deemed to have the power, its exercise would be inequitable. The creditor's lien is not taken away by the stay of proceedings, although its enforcement is delayed.

Appeal from an order dismissing proceedings supplementary to an execution.

The action was brought by N. A. Cowdrey against Jacob Carpenter. After judgment, the plaintiff obtained an order for the examination of a debtor to the defendant, supplemental to the execution. Pending the proceedings, and before any examination had taken place, the defendant appealed from the judgment to the general term of this court. He perfected his appeal by the usual notice, and gave an undertaking pursuant to sections 334 and 335 of the Code. The sureties upon the undertaking justified upon exception, and were approved by the judge.

Upon presentation of these facts, the judge dismissed the supplemental order.

*F. N. Bangs,* for the appellant.

*A. R. Dyett,* for the respondent.

BY THE COURT.*—MONELL, J.—The effect of the undertaking given upon the appeal from the judgment, was to stay all further proceedings upon the judgment appealed from. It therefore necessarily follows, I think, that all further proceedings

---

* Present, BOSWORTH, Ch. J., WHITE and MONELL, JJ.

upon the order supplemental to the execution issued and re-
turned upon the judgment appealed from, were suspended.
The examination of the judgment-debtor could not proceed,
nor could any action whatever be had or step taken under the
order. It is even doubtful if the judge could adjourn, and thus
keep afloat the proceedings.

The question then arises, whether the judge had the power
to, or could in the exercise of his discretion, dismiss the supple-
mental order.

These proceedings are not before the court, and never come
before the court, in any of their original incidents. The order
is granted by a "judge," the examination is had before a
"judge," and all orders to carry into effect the results of the
examination are made by a "judge;" and nothing connected
with the proceeding, from first to last, comes before the court,
except upon an appeal from some order made by the "judge."
We think it cannot be doubted that the judge has the same
general power over these proceedings that the court would
have, if the authority to make the orders and conduct the ex-
amination had been conferred upon the court. He may dis-
miss the proceeding for want of jurisdiction, or for insufficiency
or irregularity in the affidavit upon which the order was made;
he may adjourn the matter from time to time; suspend the ex-
amination indefinitely; examine witnesses; admit or reject evi-
dence; and punish parties and witnesses for disobedience of
orders. His power, therefore, over the proceeding is absolute,
and he is subject only to review by the court, on appeal from
any of his orders.

But here, we think, the power of the judge ends, and he can-
not ultimately dispose of the proceeding, to the prejudice of the
creditor, by dismissing or annulling it against his objection.

The object of the examination is to reach the equitable in-
terests and things in action of the judgment-debtor, which can-
not be reached by execution upon the judgment. By the service
of the order, and the restraint of the debtor, the creditor ob-
tains an equitable lien upon such interests and things in action,
which he has the right to retain as a security pending the sus-
pension of his power to proceed on his judgment. Having ac-
quired such lien previous to the appeal, he cannot, we think, in
the absence of some express provision of law, be deprived of it.

The appeal suspends his right to obtain the benefit of his lien, but does not take it away.

We are not aware of any case where, after execution and levy under it, an appeal has been taken from the judgment, the court has set aside the execution and removed the levy. The levy is stayed, and the sheriff cannot proceed to sell. Nor could the lien of a judgment, upon the real property of the judgment-debtor, be removed by an appeal and security, until a recent special enactment, applicable to such a case. Before that law, the court were without power to relieve the property, be the security never so ample.

The cases of Parsons *a.* Travis (2 *Duer*, 659), and Spencer *a.* Rogers Locomotive Works (13 *Abbotts' Pr.*, 180), we think sustain this view.

If, however, the right to dismiss these proceedings rested in the discretion of the judge (although we think it does not), it would be an unsound exercise of such discretion to deprive the creditor of a security obtained through his equitable lien upon the debtor's property, by substituting for it the mere personal obligation of two sureties, who, although responsible now, may be utterly and hopelessly insolvent before the determination of the appeal.

Until the Legislature provides for the discharge of these proceedings, upon securing the judgment on appeal, as they have provided for relieving real property, it seems to us, independently of the want of power, that no other or greater effect should be given to the appeal from the judgment than is given by the Code; namely, to stay all further proceedings upon the judgment appealed from, and necessarily all further proceedings under the supplemental order.

We think the dismissal of the supplemental proceedings was erroneous, and the order appealed from should be reversed.

Order reversed.