McIntyre agt. Strong.

## N. Y. SUPERIOR COURT.

Ewen McIntyre, respondent, agt. Wm. E. Strong, appellant.

*Appeal — Deposit in lieu of undertaking — Deposit must remain until final determination in court of appeals — Code of Civil Procedure, sections* 1306, 1326, 1211.

Where an appellant from the special to the general term deposits a sum of money instead of giving an undertaking, and appeals from the general term to the court of appeals, giving the proper undertaking, with sureties, the money so deposited must remain in court until a final determination in the court of appeals.

Has the court power to allow a portion of the desposit to be withdrawn where it appears that the judgment procured by plaintiff has been in pursuance of the decision of the general term, materially reduced, in amount, and that the reduction has been accepted by the plaintiff by a stipulation? *Quære.*

*General Term, May,* 1882.

Appeal from an order denying a motion made by defendant to withdraw part of a deposit made in lieu of undertaking on appeal.

Plaintiff recovered a judgment against defendant for $1,766.28, which on appeal was reduced to $1,149.24. Defendant on his appeal, instead of an undertaking, made a deposit with the clerk of $2,300. The defendant appealed from the judgment of the general term to the court of appeals, and claimed that as the amount of the judgment had been modified the deposit should also be reduced.

*Adolphus D. Pape*, for appellant.

*William J. Gibson*, for respondent.

FREEDMAN, *J.* — The general rule undoubtedly is that a voluntary deposit, like the one in question, made to perfect an appeal from the judgment of the special term to the general term, so as to stay execution thereon, is in lieu of an undertaking required to be executed by at least two sureties; that it can no more be changed or withdrawn than could the undertaking that stands in place of it; and that such an undertaking, when given, cannot be changed or withdrawn after the affirmance of the judgment by the general term, because an appeal has been perfected to the court of appeals by the execution of an undertaking required for that purpose. In every case falling within this rule, the appellant, to perfect the appeal to the court of appeals, must give a new undertaking (*Code, sec.* 1326), or make a new deposit of money in lieu thereof (*sec.* 1306); and the court has no power to order that a sum of money already deposited in lieu of an undertaking on the appeal to the general term, shall take the place of the undertaking or deposit required on appeal to the court of appeals (*Parsons* agt. *Travis*, 2 *Duer*, 659; *S. C.*, 5 *Duer*, 650).

It has been argued, however, with great force and plausibility, that the rule applies only when the original judgment has been affirmed in full by the general term, that whenever it appears that the judgment procured by a plaintiff has been, in pursuance of the decision of the general term, materially reduced in amount, and that the reduction has been accepted by the plaintiff by a stipulation, a different and exceptional case is presented, in which the court has power to grant relief, *pro tanto*, under section 1306.

Without stopping to determine the validity of this claim, for the language of section 1306 is by no means clear upon the point, and no other provision has been pointed out, it is

McIntyre agt. Strong.

sufficient for the present purpose to say, that the power, if it exists at all, should be exercised only when it clearly appears when the sum proposed to be left on deposit is, in view of all possible contingencies, fully sufficient to satisfy any claim the plaintiff may eventually have to enforce against it, in case the judgment of the court of appeals should be one of affirmance, exclusive of interest, and the additional sum of $500 for costs in that court.   For under section 1211, the judgment appealed from bears interest from the time of its entry ; and under section 1326 it is necessary, in order to render the notice of appeal to the court of appeals effectual for any purpose, that the appellant should give a written undertaking to the effect that he will pay all costs and damages which may be awarded against him on appeal, not exceeding $500.

In the case at bar, if the motion had been granted, less than one dollar would have remained to cover accruing interest ; nor were any facts presented upon which the amount of such interest could have been determined with reasonable certainty.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

SEDGWICK, C. J., concurs.