**H. Dubois *against* J. Dubois.**

Debt lies on the decree of a surrogate, for the payment of money.

Such a decree against an executor for the payment of a legacy, changes the character of the claim into one against the defendant personally.

Hence, in an action of debt on the decree, by the legatee against the executor, the former may declare against, and charge the latter in his own right; and no security need be filed pursuant to the statute, (1 R. L. 314, 15, s. 19.)

And the latter may set off a demand due to him, in his own right, from the plaintiff in his own right.

DEBT on the decree of a surrogate; tried at the *Saratoga* circuit, *June 8th*, 1824, before NELSON, C. Judge.

The declaration was, that on the 9*th* day of *April*, 1823, the plaintiff, by the consideration, judgment, order and decree of *George Palmer*, Esq. surrogate of the county of *Saratoga*, upon and for a certain subject matter within the jurisdiction of the surrogate's court of that county, recovered against the defendant $101,77, for and on account of a certain legacy bequeathed to the plaintiff by the last will and testament of *G. Dubois*, &c. Plea, *nil debet ;* with notice of setting off a claim due from the plaintiff in his own right, to the defendant in his own right.

At the trial, the plaintiff proved a decree, reciting that the plaintiff and defendant were acting co-executors of *G. Dubois*, who had bequeathed a legacy to the plaintiff of $250; which decree ordered that the balance of $101,77, unpaid, should be paid by the defendant to the plaintiff, on the ground that assets had come to the hands of the former for that purpose. $23,61 were paid upon the decree, leaving still due $85,45, with interest.

The defendant then moved for a nonsuit ; 1. because the defendant was not named as executor ; 2. because the surrogate was not shown to have had jurisdiction ; 3. because no security to refund was filed ; 4. because no will was proved showing the defendant to have been executor ; 5. own right, from the plaintiff in his own right.

The surrogate has no authority, as agent for a party, to receive money which he has decreed that another should pay to the party.

Therefore, where the surrogate decreed that A. should pay to B. a sum of money ; and A. laid it down on the surrogate's table, who took out a part ; and the residue was attached by a constable under process in favor of A. against B.; *held,* that this was not such a payment as would vest the money specifically in B. ; and that, therefore, it was not the subject of a levy on an attachment against him.

*Held,* that it was like money collected on execution by an officer, which cannot be levied on by process against the one at whose suit it was collected.

*Held,* also, that the surrogate, having no authority to receive the money, the payment did not satisfy the decree ; but an action would still lie upon it.

In debt, on the decree of a surrogate against the defendant, requiring him to pay a legacy, such decree is, in itself, evidence that there was a will ; and that the defendant was executor ; and, therefore, neither of these facts need be shown by the plaintiff on the trial.

if he was proved to be executor, this was a variance from the declaration, which charged him in his own right; 6. that debt would not lie; 7. that no jurisdiction was shown by the declaration.

The motion being overruled,

The defendant then proved, that he put the money due on the decree, upon the table of the surrogate; but after the surrogate had taken out $23,61, the defendant caused a constable to take the residue on two attachments issued by a justice of the peace, in favor of the defendant, against the plaintiff, for debts due from the plaintiff to the defendant. He also offered to prove that the plaintiff was indebted to him, in his own right, on promissory notes to an amount exceeding the balance due upon the decree, and to set off this demand. On objection, the judge overruled the evidence of set off, on the ground that the suit was against the defendant as executor.

Verdict for the plaintiff, subject to the opinion of this court.

*J. L. Viele*, for the plaintiff, cited 3 *Caines*, 22; 1 *Campb.* 253; 17 *John.* 68, 301; 1 *Esp. Dig.* 78; 6 *Bac. Abr.* 136, *Set off*, (*C*); 1 *Wash. Rep.* 79; 1 *Hen. & Munf.* 176; *Mont. on Set off*, 13, 19; 2 *John. Rep.* 155; 1 *R. L.* 314.

He suggested that, if the court should be against the plaintiff on the question of set off, there should be a new trial; as there was other matter of defence against the set off, not appearing in the case.

*E. Cowen*, contra, cited 1 *R. L.* 314, 15, *s.* 19; 5 *Serg. & Rawle*, 468; 18 *John.* 122; 1 *Vern.* 93; 1 *Atk.* 491; 6 *Munf.* 157, *and the cases there cited;* 2 *John.* 243; *Swinb.* 621, *part* 4, *s.* 20, *7th ed.;* *Toll.* 282, 3, *old ed.;* *id.* 230.

*Curia, per* SAVAGE, Ch. J. The objections to the proceedings before the surrogate, came too late. They should have been taken before the surrogate. His decree sets out the proper citation and proceedings at length; and

shews a case in which he had jurisdiction. By the stat-ute, (1 *R. L.* 448, *s.* 11,) he is " to hear and determine all causes touching any legacy, or bequest in any last will and testament, payable, or coming out of the person-al estate of the testator ; and to decree and compel pay-ment thereof ; saving to every one the right of appeal."

The principal question raised is, whether debt will lie. On this point, we are without any direct authority. The general rule is, that this form of action is proper for any debt of record, or by specialty, or any sum certain. It has been decided, that debt lies upon a decree for the pay-ment of money, made by a court of chancery of another state ; (*Post* v. *Neafie,* 3 *Caines,* 22 ;) and no doubt the action will lie upon such a decree in our domestic courts of equity. The decree of the surrogate, unappealed from, is conclusive ; and determines forever the rights of the parties. It may be enforced by imprisonment ; and is certainly evidence of a debt due. Whether a surrogate's court is a court of record, need not be decided. It has of-ten been said that a court of chancery is not a court of record. It is sufficient that a decree in either court, un-appealed from, is final. Debt will lie.

It was also objected, that the declaration does not de-scribe the defendant as executor ; but the proceedings be-fore the surrogate were against him in that capacity. It is true the suit was for a legacy. But the surrogate, we must intend, had the proper evidence to justify a decree, whereby the defendant was to be made personally liable for a demand, which, previously, existed against him in his representative capacity only. By the decree, it be-came a personal matter. The judgment in this suit can-not be of the goods of the testator. Execution must go against the defendant personally, as for his private debt. I infer, therefore, that the character of the claim is changed by the decree : so that in prosecuting upon it, there can be no necessity to describe the defendant as an executor.

Other questions, however, arise out of the case made out and offered to be made out, on the part of the de-fendant.

1. Ought not the set off to have been allowed ? 2. Had

not the officer a right to levy on the money ? And 3. was not the payment of the money a discharge of the defendant ?

Without discussing these questions at much length, it seems to me, that the payment of the money into court was no compliance with the decree; which was, that the defendant should pay it to the plaintiff. If the payment into court was not a discharge, it seems to follow, that the levy by the constable was void. We have decided that a levy upon money collected by, and in the hands of an officer on execution, was not a levy upon the goods and chattels of the person for whom it was collected; because the identical pieces of money collected, are not necessarily to be paid over to him. The money is not strictly his, till actually paid over. Until that be done, his right is a chose in action. If, therefore, the surrogate had received the money for the plaintiff, it would not vest specifically in him, till paid over to him or his authorized agent.

But if I am right in supposing that the defendant became personally liable by virtue of the decree, then it follows that the set off was a good defence; and should have been received.

A new trial must, therefore, be awarded, as it is suggested that the plaintiff can rebut the set off; the costs to abide the event.

New trial granted.