## BETTS *vs.* HOYT.

Where a constable, by virtue of prior executions, levies upon property sufficient to satisfy the same, and a deputy sheriff levies upon the same property, under subsequent executions issued against the owner, and sells the same, for enough to satisfy the prior executions, he is liable to the constable for the amount of those executions, and this without proof of any promise to pay.

The law will infer a promise, in such a case. It is only necessary for the constable to establish his special title to the property by virtue of his prior levy, and then to show that the deputy sheriff has, by virtue of a junior execution, taken the property and sold it, to entitle him to recover, as upon a promise to pay the amount of his interest in the property.

The money received by the deputy sheriff upon the sale of the property under the junior execution, and which he holds for the purpose of satisfying the constable's lien upon such property, is not liable in his hands, to an execution against the plaintiff in the judgments; and he will not be justified in levying upon the same to satisfy such execution.

THIS action was tried at the Greene circuit, in April, 1853, before Mr. Justice WRIGHT. The plaintiff, who was a constable of the town of Coxsackie, held two executions, issued by a justice of the peace, against George Gan, and in favor of Lewis Raymond. These executions had been levied upon property sufficient to satisfy the amount due thereon, which was upwards of $300. The defendant, who was a deputy of the sheriff of Greene, had made a subsequent levy upon the same property, by virtue of an execution in his hands against Gan. The property was sold by the defendant, on the third day of September 1847. The proceeds were sufficient to satisfy all the executions. This action was brought to recover the balance due on the executions, in the plaintiff's hands, amounting to $233, besides interest.

The plaintiff alleged, in his complaint, that the defendant, having sold the property without his consent or approbation, and received, upon the sale, money enough to satisfy the executions, promised to pay the plaintiff, out of the moneys arising from the sale, the amount due upon the executions. The defendant, in his answer, denied that he sold without the consent or approbation of the plaintiff, and alleged that he had the consent of the plaintiff and also of Raymond, the plaintiff in the exe-

cutions held by the plaintiff; that after the sale, on the 7th of September, 1847, there came into his hands as a deputy sheriff, an execution against Raymond in favor of Robert Titus, which execution he levied upon $232.77, money in his hands arising from the sale, and which he held to satisfy the executions in the hands of the plaintiff in favor of Raymond; and that, on the same day, he paid over upon the execution in favor of Titus, a sum sufficient to satisfy the same. The defendant further alleged that he received the money upon which he so levied as the agent of Lewis Raymond, duly constituted and appointed to receive the same by him, and by and with the express consent and authority of the plaintiff in this suit, and, while the money was in his hands as such agent, he levied on the same, by virtue of the execution received by him against Raymond, and the balance of the moneys received by him, after satisfying the execution, he had paid over to the plaintiff and to Raymond. The defendant also denied that he had promised to pay the plaintiff, out of the moneys arising from the sale, the amount of the Raymond executions.

The plaintiff, on the trial, gave evidence to show that the defendant had repeatedly promised, after the sale, to pay over the money due on the Raymond executions *as soon as he received it.* The defendant proved the execution against Raymond, and that he had satisfied the same out of the moneys received by him upon the sale. The defendant also proved that, before the sale, he had been furnished by the plaintiff with a statement of the amount due upon the executions in his hands, but there was no proof of any consent or authority from the plaintiff or Raymond that the defendant should sell, or that the defendant had been constituted the agent of Raymond to receive the moneys due on the executions in his favor.

The testimony being closed, the judge charged the jury that, if they believed that, after the sale, the defendant promised to pay the Raymond executions when he collected the money arising from the sale, the plaintiff would be entitled to recover. To this charge the counsel for the defendant excepted. The defendant's counsel then requested the judge to charge the jury

that evidence of a promise to pay when the defendant got the money, would not sustain the allegation in the complaint, that the defendant promised to pay the amount of the executions. The judge refused so to charge, and the defendants' counsel excepted. The jury rendered a verdict for the plaintiff for $318.92. An order was made that judgment be stayed, and that the application for a new trial be heard, in the first instance, at the general term.

*W. E. Leete,* for the plaintiff.

*L. Tremain,* for the defendant.

*By the Court,* HARRIS, J.  The allegation in the answer that the sale was made by the order and direction of the plaintiff and of Raymond also, is not supported by proof. The plaintiff, by virtue of his prior levy, had a special title to the property sold. The defendant, by virtue of his prior levy, had a right to sell. He might sell subject to the prior levy, or he might sell absolutely, assuming to satisfy the prior lien. He chose the latter course. Having sold enough to satisfy the execution held by the plaintiff, he became liable to the plaintiff for that amount. It was the plaintiff that had the lien on the property sold, and not Raymond, the plaintiff in the executions. Raymond could look to the plaintiff alone for the fruits of his levy. There was no legal relation between Raymond and the defendant. The plaintiff, as an officer holding executions against the debtor of Raymond, was so far his agent that the money collected upon those executions might be taken upon an execution against Raymond in his hands, as well as if it had been in the hands of Raymond himself. But it was not so with the defendant. The money which he held for the purpose of satisfying the plaintiff's lien upon the property he had sold, was not liable, in his hands, to an execution against Raymond. It would be no answer to an action by Raymond, against the plaintiff, for not collecting his executions, that the defendant had sold the property upon which he had levied, and had applied the proceeds

Betts *v.* Hoyt.

of the sale to satisfy an execution he held against Raymond. Indeed this is not claimed by the defendant. The theory of the defense is, that the defendant received the money " as the agent of Raymond duly constituted and appointed by him to receive the same, and with the express consent and authority of the plaintiff, and that while the money was in his hands, as such agent, he levied upon it by virtue of the execution against Raymond." We have already seen that the defendant has failed to sustain this defense by proof.

Had it been necessary to prove an express promise to pay the amount of the executions, I think the variance between the proof and the allegation in the complaint might have been fatal to the recovery. The allegation is, that the defendant absolutely promised to pay the amount of the executions. The proof is, that the defendant promised to pay, when he received the money. It is like the conditional promise of one who has been discharged from his debts, that he will pay when he is able. It is necessary to allege and prove his ability to pay ; so here I think it might have been necessary to allege that the defendant had received the money. But I deem it unnecessary to consider this question, for the reason that the defendant would be liable for the amount of the executions without proof of any promise at all. The law would infer a promise from the facts, as they appear in this case. It was only necessary for the plaintiff to establish his special title to the property by virtue of his prior levy, and then to show that the defendant had by virtue of a junior execution taken the property and sold it, to entitle him to recover, as upon a promise to pay the amount of his interest in the property. If, therefore, any error occurred upon the trial, it was not to the prejudice of the defendant.. The motion for a new trial should be denied..

[Albany General Term, December 5, 1853. *Parker, Wright* and *Harris,* Justices.]