## SUPREME COURT.

JOHN M. MUSCOTT agt. GILBERT E. WOOLWORTH, Sheriff of Lewis County.

Where a *sheriff* receives money in coin, in payment of an execution in his hands in favor of the plaintiff, and at the same time has an execution in his hands *against* the plaintiff, upon which he is unable to find property to satisfy, except the amount of money in his hands belonging to the plaintiff, he cannot, by virtue of his execution against the plaintiff, levy on and immediately apply said money in his hands to the payment of the latter execution. (*The decision in Turner* agt. *Fendall*, 1 *Cranch*, 117, *settles that. The decision in this cause, at special term,* 13 *How.* 336, *reversed.*)

Whether such an application of the money of the debtor may not be made by the sheriff, under § 293 of the Code—*quere?*

*Fifth District, Oswego General Term, July,* 1857.
HUBBARD, *P. J.,* PRATT, ALLEN *and* BACON, *Justices.*
DEMURRER to answer.

This action was brought against the sheriff of Lewis county, to recover for money collected by him on an execution in favor of the plaintiff against one James H. Sheldon.

The complaint set forth a judgment recovered by the plaintiff against Sheldon, on the 23d of July, 1856, for $120.92 damages and costs, and an execution duly issued thereon; and avers that on the 4th September, 1856, said Sheldon, without any levy having been made thereon, paid the amount to the defendant in this suit, as sheriff of Lewis county, who thereupon returned the execution satisfied—that the said money has

been duly demanded, and the defendant has refused to pay the same.

The third answer, or defence, alleges that, in January, 1852, a judgment was recovered against the plaintiff in this suit for $158.82 in favor of William and Charles Tracy, which judgment, after having passed through the hands of an intermediate assignee, was, on the 8th of July, 1856, purchased by and assigned to said James H. Sheldon ; that, on or about the 4th of September, 1856, an execution was issued on said judgment, and placed in the hands of the defendant in this suit, as sheriff of Lewis county ; that, on the same day, Sheldon paid to the sheriff the amount of plaintiff's judgment against him in gold and silver coin ; that the sheriff could find no property of Muscott from which he could satisfy the judgment held by Sheldon, other than the coin thus paid him, and thereupon he took the same into his possession, and applied it towards the satisfaction, and indorsed it on the execution then in his hands against Muscott.

JOHN M. MUSCOTT, *in person.*
G. L. BROWN, *for defendant.*

By the court—PRATT, Justice.  This case, at the special term, was considered as a case of the first impression, open for decision upon general principles, and not affected by precedent.

It was assumed by the learned judge, who overruled the demurrer of the plaintiff at that term, that the point involved in the demurrer was not adjudicated in the case of *Turner* agt. *Fendall*, (1 *Cranch*, 117.)  I cannot concur in this assumption. If I understand the decision in that case, the precise point involved in this case was there adjudicated and decided—not upon any peculiar provision in the statute of Virginia, but upon general principles of the common law.

The opinion of Chief Justice MARSHALL shows that he assumed to decide the case upon general principles of law applicable to cases of the kind.  It is true, that the cause was continued for further consideration, and after such considera-

tion the chief justice, in a note to his first opinion, alludes to a statute of Virginia which prescribes the form of the writ—not for the purpose of showing that the common law rule had been changed in regard to the duty of the sheriff, but to show that although by that act the rigor of the common law had been, in some respects, relaxed, yet in *this* regard the rule had not been changed.

The forms of the writ of execution used in this state, up to the time of the adoption of the Code, were substantially the same as the writ in that case, and required the money to be brought into court. These forms are necessarily somewhat changed under the Code; yet it does not follow that the well-settled principles of law, defining the duty of the sheriff and the rights of the parties, are changed. They should not be deemed changed by implication, but only by *express* enactment. The decision at the special term was not put upon any change in our statute.

In *Dubois* agt. *Dubois*, (6 *Cow.* 494,) in this court, Judge Savage says, "That this court has decided, that a levy upon money collected by and in the hands of an officer, on execution, *is not a levy upon the goods and chattels of the person for whom* it is collected," thus confirming the decision in *Turner* agt. *Fendall*.

The supreme court of Massachusetts have, by repeated adjudication, settled the same doctrine. It was held by that court, in *Thomson* agt. *Brown*, (17 *Pickering*, 462,) that where an officer has received money in satisfaction of an execution, he cannot, *before it is paid over to the creditor*, attach it upon execution against the creditor. (*See, also*, 3 *Mass.* 289; 5 *id.* 319; 4 *Green.* 532.) The same has been decided, in principle, in Vermont, Kentucky, North Carolina, and Illinois. (4 *Vermont R.* 513; 4 *Bibb*, 311; 1 *Murphy*, 47; 3 *Scammon*, 451.)

The only case which I have been able to find, giving countenance to a different doctrine, is that of 3 *Humphrey*, 437. In that case the sheriff held the executions, the plaintiff in each being defendant in the other. The sheriff, after collecting the money upon one, applied it upon the other execution, and the

court upheld him in thus doing. Except this case, I have found no case where even a doubt is expressed of the correctness of the decision in *Turner* agt. *Fendall*, and the numerous cases above cited, are directly the other way.

I do not feel at liberty to disregard this formidable array of authority, especially as the doctrine has, at least in two cases, received the unqualified approbation of this court.

A more serious question has arisen in my mind, whether the sheriff, under the 293d section of the Code of Procedure, would not be justified in applying the money as it was applied in this case; but the point not having been taken, either at the special term or upon the appeal, I do not feel at liberty to pass upon it. A question of so great importance should not be passed upon without the aid of the arguments of counsel upon the precise point.

Judgment of the special term reversed, and judgment rendered for the plaintiff upon the demurrer, with leave to the defendant to amend his answer upon the payment of costs.

HUBBARD and ALLEN, Justices, concurred.