By the Court:

Monell, J.
The evidence upon which the motion in this case was made and resisted at the Special Term was somewhat conflicting, and we are, perhaps, concluded by the decision upon it by the judge below. For where a question of fact is involved in a motion, and the evidence upon it is disputed, the determination of the fact by the judge must be governed by the same *641 rules which apply to the findings of fact by the court, referee, or jury, upon a trial of an action.
But, however that may be, I think the motion, upon the evidence, was properly disposed of.
Murphy, who was in some way connected with the plaintiffs’ attorney, swore that he was present when the defendant was arrested, and that the defendant offered to the sheriff a bond executed by the defendant, and by Magnus Alexander and Henry W. Wagner; that the deputy charged with the taking of the same asked him whether he was satisfied with the same, and he told him that he was not; that the sheriff thereupon declined to accept the bond, and the sum of fifteen hundred dollars was thereupon deposited with the sheriff by the defendant, or some one on his behalf, through Magnus Alexander, and the defendant was set at liberty; that the money had not been paid to the clerk by the sheriff, although more than four days had elapsed since such deposit with the sheriff; and that the sureties on the bond had failed to justify. He further stated that judgment had been entered in the action.
This was all the proof in support of the motion.
Alexander, one of the persons who had signed the bail-bond, stated in his affidavit that the sheriff accepted the bail; that afterwards he attended to justify and was examined. The justification was then adjourned at the plaintiff’s request. That upon the adjourned day, the plaintiff appeared and objected to proceeding, on the ground that he had entered judgment against the defendant. He stated that he lent no money to the defendant to deposit as bail, nor did he deposit any money for bail, but that at the request of the deputy sheriff he placed fifteen hundred dollars in his hands as security to him that the sureties would justify or the defendant surrender himself to the sheriff. That it was expressly explained to him that the money was in no jeopardy, provided the sureties justified or the defendant delivered himself up.
This was corroborated by the affidavit of Stevens, the under-sheriff.
*642 Bancker, the deputy sheriff who made the arrest, says in his affidavit that he did not decline to accept .the bond executed on behalf of the defendant; but, on the contrary, he did accept it, and upon accepting it released the defendant from custody. That the sum of fifteen hundred dollars was placed in his hands by one of the defendant’s bail. That he received it as, and solely as, personal security or indemnity to himself that the bail would appear and justify; and that the money was in no sense intended as a deposit in lieu of bail.
It further appeared that after the judgment was entered, the defendant was surrendered by the bail to the custody of the sheriff, who took from him bail for the jail limits.
So far, therefore, as the facts are concerned, there is, I think, a preponderance of proof that the sum of money delivered to the deputy sheriff was not a deposit by the defendant, nor a deposit, in any sense, in lieu of bail.
That bail was given and in part justified upon the exception of the plaintiffs was distinctly testified to, as was also the fact of the abandonment of the justification by the plaintiffs on the ground that judgment had been entered. These allegations were not contradicted, and they tend strongly to establish the understanding of the plaintiffs that the money placed in the deputy’s hands was not a deposit for the defendant.
Besides, it does not appear that the deposit was made by the defendant. It is, perhaps, not necessary to determine whether a deposit mad & for a defendant by a third person would not be a deposit by the defendant so far as to make it amenable to the judgment. Probably that would be so. But the deposit must be in the stead of bail. There cannot be bail and also a deposit.
■ If bail is actually given and justifies, the sheriff is exonerated, and the plaintiff must look to the bail alone for his security.
I think it is quite clear that the money was placed in the deputy’s hands for the purpose stated by him, and possibly he may have had a right to receive it for that purpose. The sheriff is himself responsible as bail until the bail shall have justified, *643 and it may be that he has the right to protect himself against such a contingent liability by taking security from the bail that they will justify. - But however that may be, the question cannot be raised by the plaintiff.
If the sheriff violated the law in taking the security, the security would be void in his hands, but the plaintiffs would not thereby acquire a right to the security.
The determination of questions of fact upon exparte affidavits is sometimes quite difficult, and is not always satisfactory. Upon an oral examination of the witnesses in this case, a different state of facts may be established, and as the plaintiffs have a remedy (Code, sec. 198) by action, they should be left to that remedy.
The order appealed from should be affirmed with costs.