DAVID JOHNSON, APPELLANT, v. MARCUS FREW, RESPONDENT.

*Sale procured by fraudulent representations — right of the vendor to rescind without returning what he has received, where the vendee has absconded — election of remedies — what acts do not constitute one as a matter of law.*

The plaintiff was induced by the fraudulent representations of one Galitz to sell to him a harness for the price of thirty-six dollars, of which amount Galitz at the time paid eight dollars and seventy cents. Some ten days afterwards, Galitz having absconded, the plaintiff and a constable went to the railroad station and took the harness from a box they there found addressed to Galitz at Chicago. Before so doing the plaintiff had procured an attachment from a justice of the peace upon the ground that Galitz was indebted to him for the unpaid portion of the purchase-price, which attachment the constable had with him when the harness was taken.

The harness was re-taken in an action of replevin brought by a constable who had, prior to the plaintiff's taking it, levied upon it under an execution issued upon a judgment recovered against Galitz by one Rink.

*Held,* that the plaintiff was entitled to rescind the sale and retake the harness, and that as Galitz had absconded and left no one authorized to act for him, such rescission could be made without restoring the portion of the purchase-price which the plaintiff had received.

That as no summons had been issued, nor any action been commenced against Galitz to recover the balance of the purchase-price, the attachment taken out by the plaintiff was void, and the procuring of it by the plaintiff could not be treated as an election on his part to affirm the contract of sale and so prevent him from rescinding it.

That the affidavits of the plaintiff and the proceedings taken by him under the attachment only raised a question of fact, as to whether or not he intended to affirm the contract.

APPEAL from a judgment of the Cattaraugus County Court reversing a justice's judgment.

*F. S. Smith,* for the appellant.

*Nash & Lincoln,* for the respondent.

SMITH, P. J.:

This action was commenced in the Justices' Court to recover possession of a harness which one Galitz fraudulently induced the plaintiff to sell and deliver to him on credit. The price of the harness was thirty-six dollars, and Galitz paid eight dollars and seventy

cents towards it at the time of the purchase. Some ten days after the purchase Galitz absconded, and the plaintiff with one Quant, a constable, went to the railroad station at Cattaraugus and there found the harness boxed up with other things addressed to Galitz at Chicago. The plaintiff, with the assistance of Quant, opened the box, took out the harness and carried it to his shop. Before doing so he procured an attachment from a justice of the peace upon an affidavit alleging, among other things, that Galitz was indebted to him for the unpaid portion of the purchase-price of the harness, which attachment Quant had with him when the harness was taken from the depot.

Shortly before these proceedings on the part of the plaintiff, Holcomb, another constable, had levied on the box and its contents by virtue of an execution issued upon a judgment against Galitz in favor of one Rink, and after the taking by the plaintiff and Quant, Holcomb brought replevin for the harness against Quant and employed the present defendant Frew to serve the papers in that action, who accordingly took the harness from the plaintiff's possession. Thereupon the plaintiff brought this action.

The plaintiff did not at any time restore, or offer to restore, what he received from Galitz towards the purchase-price of the harness. There is no evidence that when the plaintiff took out the attachment a summons or other process was issued, or a suit was commenced. At that time the credit given on the purchase of the harness had not expired. The jury in the Justices' Court rendered a verdict in favor of the plaintiff, which was reversed by the County Court on the ground that the plaintiff not having restored what he had received could not disaffirm the contract.

The appellant's counsel concedes the general rule that a party who seeks to disaffirm his contract must restore whatever he has received under it, but he contends that the present case is an exception to the rule for the reason that the fraudulent vendee by absconding had made a restoration to him impracticable. Clearly the plaintiff could not restore the money to the vendee by reason of his having fled to parts unknown; and if there was no other person to whom restoration could be made it would be unreasonable and unjust to hold that the fraudulent vendee by his own act has deprived the vendor of the right of rescission. Whether restora-

tion could have been made to any person depends upon whether any other person was subrogated in the place of the vendee or had authority to receive the money for him.

The respondent's counsel contends that the plaintiff should have paid what he received to the defendant in this action, or brought it into court at the trial for his benefit, and that seems to have been the opinion of the County Court.

But, so far as appears, the only person entitled to receive the money is Galitz, and as he is not a party to the suit, bringing the money into court and leaving it there, would not be a restoration to him, nor would it affect his rights nor prevent him from recovering it of the plaintiff in a proper action. Nor could the judgment creditor of Galitz levy on it if it were paid into court, as it would not be the property of Galitz till he had received it. (*Betts* v. *Hoyt*, 19 Barb., 412 ; *Carroll* v. *Cone*, 40 id., 220 ; *Baker* v. *Kenworthy*, 41 N. Y., 215.) Nor would payment to the defendant be a restoration of the money, for the defendant has no authority to receive the money for Galitz, nor is he subrogated in his place. He is not in the position of a general assignee of the fraudulent vendee. His levy did not transfer the title, and whatever title Galitz had remains in him subject to the lien created by the levy. The reason why payment to the general assignee of a fraudulent vendee is effectual as a restoration is that he is entitled to all the property of his assignor for the benefit of creditors. (*Stevens* v. *Hyde*, 32 Barb., 171, 174.) As the act of the vendee had put it out of the power of the plaintiff to make restoration, the lack of it should not defeat his action. Although the money is in his hands, it is there through no default of his and he holds it for the use of Galitz.

It is contended by the appellant's counsel that the plaintiff by his attachment proceeding elected to affirm the contract. That would be the case if the attachment was issued in an action which had been prosecuted to judgment or was pending at the time of the trial. But of that there is no proof. Under the present Code an attachment can only issue out of a Justice's Court as a provisional remedy in an action. There is no evidence that an action was commenced, and if not the attachment was void. It was not, therefore, conclusive against the plaintiff as matter of law. At most the plaintiff's affidavit and his proceedings under the attachment,

even if he be assumed to take the harness by virtue of it, raised a question of fact as to whether he affirmed the contract. (*Green* v. *Russell*, 5 Hill, 183.) But the question whether he assumed to take the harness by virtue of the attachment, or whether he took it as his own in rescission of the contract, was one in respect to which the evidence was conflicting, and by the verdict all disputed questions of fact were settled in the plaintiff's favor.

The testimony of the plaintiff in respect to the directions which were given to the constable, Holcomb, as to how he should proceed in taking the harness seems to have been within the bounds of a legitimate cross-examination upon a topic introduced by the defendant upon his examination of the witness.

We think the judgment of the County Court should be reversed and that of the justice affirmed.

HARDIN and BARKER, JJ., concurred.

So ordered.