Lawrence, J.
In this case an order of arrest was granted requiring the sheriff of New York to arrest the defendant and to hold him to bail in the sum of $10,000. The order was executed, and the defendant instead of giving bail deposited with the sheriff the sum of $10,000 in cash, pursuant to section 582 of the Code of Civil Procedure, and the usual certificates as to such deposit wore given by the sheriff, as provided by section 583 of the Code. Issues having been joined, the cause was tried at circuit, and a verdict was rendered for the plaintiffs in the sum of $10,000, upon which judgment has been entered. A stay of proceedings for thirty days after such entry having been granted by the judge before whom the cause was tried, the defendant thereupon appealed to the general term, and gave the security required by law, and subsequently an undertaking was executed by sufficient sureties as bail for the defendant, which undertaking has been duly approved.
It is now contended that, under the provisions of section 581 of the Code, as the defendant has given an undertaking pursuant to the order of arrest, he is entitled to an order directing that the money deposited be refunded to him or his representative.
By section 573 of the Code of Civil Procedure it is provided that the “ defendant, at any time before he is in contempt, where the order can be granted only by the court, or, in any other case, at any time before execution against *322 liis person, must be discharged from arrest, either upon giving bail, or depositing the sum specified in the order of arrest.” It does not appear in the case that the order of arrest which was issued could only be granted by the court, nor does it appear that the defendant is in contempt; and no execution against his person has been issued.
Nor do the provisions of section 585 of the Code aid the plaintiff. That section provides that “ if money deposited is not refunded, as prescribed in the last section, it is, in a case where the order of arrest could be granted only by the court, sub jeet'to the direction of the court, as justice requires before and after the judgment.” The section further provides that, in any other case, if it {i. e., money) remains on deposit when final judgment is rendered for the plaintiff, it must be applied, under the direction of the court, in satisfaction of the judgment; and the surplus, if any, must be refunded to the defendant, or his representative. If the final judgment is for the defendant, or the action abates, or is discontinued, the sum deposited, and remaining unapplied, must be refunded to the defendant orliis representative.
In this case there is no final judgment within the meaning of section 585. The execution of that judgment has been stayed, and, as has heretofore been stated, under section 573, the defendant had a right to be discharged on bail at any time before execution against his person, and under section 584 he had the right to substitute an undertaking for the deposit before the expiration of the right to be discharged on bail. No case, therefore, is made out under section 585 depriving the defendant of his rights under sections 573 and 584. It seems to me, therefore, that the defendant is clearly entitled, having given an undertaking for bail, to a return of the cash deposit made by him under section 582. •
.An order will be entered that the money heretofore deposited by the defendant be returned to him.
*323 Note on Title to Deposit as Security.
One may make a valid pledge of property belonging to another, if he has the owner’s consent to use it in this way (Jones on Pledges, § 53; Story on Bailm. § 291), and by so doing the general title to the property does not pass.
If A. owes money to B., the debt can be attached as B.’s, notwithstanding A. has promised B. that he will pay it to 0., if there was no trust or agency for 0., and he has not had notice of the promise, and assented to it. Kelly v. Roberts, 40 N. Y. 432.
So the unpaid purchase price of goods sold under an agreement by the seller that it may be paid to his creditors, but without a covenant on the part of the buyer to so pay it, is a debt due the seller, which is subject to attachment. Kelly v. Babcock, 40 N. Y. 318.
On the other hand, where a railroad company deposited money with a private banker, taking a receipt “ in trust, to apply the same to the payment ” of coupons on certain mortgages, and showing that the moneys so deposited “ should not be subject to the control of the said company, otherwise than for the payment of said coupons as above described,”—Held, that such moneys were not subject to attachment by a general creditor. Roger’s Locomotive, &c. Works v. Kelly, 19 Hun, 399.
One who received a promissory note, giving a receipt acknowledging that it had been delivered to him to hold the same and the proceeds thereof to indemnify certain sureties, —Held, bound, if not to collect it, at least to hold it; and that evidence tending to show that he had not collected it, and had surrendered possession of it, made a prima faeie case against him. Morris v. Webb, 45 Super. Ct. (J. & S.) 305.
For recent cases holding money deposited by.an agent in bank account in his own name, to be still moneys of the principal, see Baker v. N. Y. National Exchange Bank, 16 Abb. N. C. 458, and cases cited.
Money collected by a sheriff under an execution cannot, while it remains in his hands, be levied on by him under an execution against the creditor. Adams v. Welsh, 43 Super. Ct. (J. & S.) 52; Muscott v. Woolworth, 14 How. Pr. 477; rev’g 13 Id. 336; Baker v. Kenworthy, 41 N. Y. 215; and see Betts v. Hoyt, 19 Barb. 412; Carroll v. Cone, 40 Id. 220.
But after sale of defendant’s goods on process against him, the surplus in the officer’s hands remaining after satisfying such process, is money which belongs to him, and may be levied on under subsequent executions against him. Wheeler v. Smith, 11 Barb. 345.
A levy on money collected by, and in the hands of an officer, or money paid into court, is not a levy on the money of the party for whom *324 it is collected or paid; for, until paid over, the money does not specifically belong to him. Dubois v. Dubois, 6 Cow. 494.
Where money is deposited in lieu of bail (Code Pro. § 197), on behalf of a defendant against whom an order of arrest is granted, the failure to put in bail or surrender defendant, before judgment, makes the fund subject to application to the payment of the judgment. After judgment, the court cannot order it to be refunded to a third person who in fact deposited it, but it must be treated as belonging to defendant. Hermann v. Aaronson, 8 Abb. Pr. N. S. 155; aff’g, 3 Id. 389; S. C., 34 How. Pr. 272.
Where, after bail have been accepted by a deputy sheriff on arrest, and at the request of the deputy, a third person deposits -in his hands a sum of money as security to such deputy that the sureties will justify or defendant surrender himself, and not in lieu of the bail, plaintiff cannot have the money so deposited applied to his judgment. Commercial Warehouse Co. v. Grabner, 45 N. Y. 394; aff’g 2 Sweeny, 638.
The claim of a plaintiff, .thus seeking to have the property of a third person applied to the satisfaction of defendant’s debt, is strictissimi juris. It should be clearly established by proof, and no intendments will be indulged in its favor, Ib.
Where the attorney for a non-resident plaintiff deposits his own money in court as security for costs of the action, the title to such money remains in the attorney, subject only to the contingency for which it was deposited, and it cannot be reached in supplementary proceedings upon a prior judgment against the plaintiff. Fraser v. Ward (N. Y. Com. Pl. 1886), 9 Civ. Pro. R. (Browne) 11.
Money deposited in court in lieu of a bond on appeal, although in custody of the law for that purpose, is for other purposes the property of the appellants who deposited it; and their right to it is attachable at suit of their creditor. Dunlop v. Patterson Fire Ins. Co., 74 N. Y. 145; S. C., 30 Am. R. 283; aff’g 12 Hun, 627.
The appellant from a judgment deposited money in court in lieu of an undertaking, and the judgment wasaffirmed at general term, and. by the court of appeals ; and pending the latter appeal the fund was lost, stolen, or embezzled, without fault of the respondent. Held, that, as between the parties, the loss was that of the depositor, not that of the respondent, and the fact that respondent resisted plaintiff’s motion foían order directing the clerk to repay it, after appeal to the court of appeals, did not alter the position of the parties. Parsons v. Travis, 5 Duer, 650.
As to property in custody of law, see First Nat. Bank of Oswego v. Dunn, 97 N. Y. 149; Jones Stationery & Paper Co. v. Case, 26 Kans. 299; S. C., 40 Am. R. 310, and an article by W. W. Thornton, in 22 Am. L. Reg. N. S. 666.