(12 Misc. Rep. 426.)

### MEAGHER v. CAMPBELL et al.

(Common Pleas of New York City and County, General Term. May 6, 1895.)

ATTACHMENT—PROPERTY SUBJECT TO—MONEY.

The proceeds of property which has been sold for the owner are not subject to attachment against him while they remain in the hands of the auctioneer who made the sale, as the owner's right to such proceeds is a mere chose in action.

Appeal from city court, general term.

Action by Ellen Meagher, as assignee of Lizzie Burke, against John W. Campbell and another, to recover the proceeds of property belonging to the assignor, sold by the defendants as auctioneers, and attached while in their possession for a debt of the assignor. From a judgment of the city court (31 N. Y. Supp. 998) affirming a judgment entered on a verdict for plaintiff, defendants appeal. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

George W. McAdam, for appellants.
Jeroloman & Arrowsmith, for respondent.

DALY, C. J. This case was properly disposed of by the city court in directing a verdict for the plaintiff and affirming the judgment thereon. The action was brought to recover a balance of money due from an auctioneer to the plaintiff's assignor for the proceeds of the sale of the latter's household property. The defense is that the money was attached by a marshal under process against the assignor prior to the assignment, but no valid levy was proved, for the reason that the money attached was not the property of the assignor, not having been paid over to her, nor placed under her control, before or at the time of the levy. The evidence on the part of the defendant is that at the time the attachment paper was served upon him he had the money (proceeds of the sale of the assignor's chattels) in his possession, and showed it to the marshal who attached; the marshal swearing that the defendant pulled out a roll of bills, but how much there was he did not know. The defendant states that he got the portion of the proceeds which he paid to the assignor ($186) out of his safe, and left the other $145 there, but this was after the levy. When the attachment was levied, the defendant gave a certificate to the marshal, and held the money for him, replacing it in his safe. The whole evidence shows that before any part of the proceeds of sale were paid over to the plaintiff's assignor, or placed under her control, the defendant set apart $145, and the marshal attached it, and left it with the defendant as receiptor. As the money was not in the possession nor under the control of the debtor in the attachment, it was not the subject of a levy. Crock. Sher. 451. The fact that the auctioneer counted it out, and set it apart as part of the proceeds of the sale, and as money of said debtor, did not subject it to levy. A levy upon money collected by and in the hands of an officer on execution is not a levy upon the goods and chattels of the persons for whom it was collected; because the identical pieces of money collected are not necessarily to be paid over to him. The money is not strictly his till actually paid over. Until that be done, his right is a chose in action. Muscott v. Woolworth, 14 How. Pr. 477. A sheriff having money in coin in his hands, collected upon an execution in favor of a plaintiff, cannot levy upon it to satisfy an execution in his hands against such plaintiff. Baker v. Kenworthy, 41 N. Y. 216. Where a surrogate by decree directed one coexecutor to pay a certain sum to another, and the money was put on the table of the

surrogate, and a constable levied upon it under attachment, the levy was held bad, as the money did not vest specifically in the debtor until paid over to him or his authorized agent.    Dubois v. Dubois, 6 Cow. 494.    Where a banker voluntarily and without authority from a depositor counted out money in bank bills and specie, and handed it to the sheriff, who had an execution against the depositor, under which he levied upon the money, and it was afterwards put in a wrapper, with an indorsement of a memorandum of the levy upon it, and put in the vault until the sheriff called and took it away, it was held neither a levy nor a payment.    It was not a levy because the money thus separated by the banker from the contents of the vault was his property, and not that of the defendant in the execution, and was not liable to levy under process against the latter.    Carroll v. Cone, 40 Barb. 220.    Gold and silver coin collected by an attorney at law on a claim due his client cannot be attached in the ordinary way in his hands as the property of his client.    His duty to account and pay over is a chose in action, which was not attached by taking the coin in which the debtor had paid the attorney.    No property in that specific coin vested in the principal by that payment, unless it was put into his possession by being paid to him; and until it was it did not become his property.    The attorney could maintain an action for conversion against the sheriff for the money attached and taken by him.    Maxwell v. McGee, 12 Cush. 137.

In the present case it is clear from the authorities cited that the money upon which the marshal levied was the money of the auctioneer, and not of the owner of the goods from the sale of which such money had been realized.    Had it been attached against his will, the auctioneer could have maintained conversion for it against the officer.    Until defendant had paid it over to the plaintiff's assignor, or placed it under her control and disposition, it remained his property, and was not subject to levy on attachment against her.    If the marshal had the right to attach a chose in action,— i. e. the debt of the auctioneer to his customer,—such attachment was not effected by levying upon the cash proceeds of the sale. The judgment and order must be affirmed.    All concur.