(174 App. Div. 298)

### In re BRUERE, City Chamberlain.

### Appeal of COCA–COLA CO.

(Supreme Court, Appellate Division, First Department.   July 10, 1916.)

1. TAXATION ⬡⟿600—COLLECTION OF TAX—SUPPLEMENTARY PROCEEDINGS.

Tax Law (Consol. Laws, c. 60) § 299, providing for proceedings supplementary to execution to enforce a tax imposed against a person or corporation, applies as well to foreign corporations doing business in the state as to domestic corporations.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1169; Dec. Dig. ⬡⟿600.]

2. TAXATION ⬡⟿600—COLLECTION—SUPPLEMENTARY PROCEEDING—SERVICE— WAIVER.

In supplementary proceedings to enforce a tax, an objection that proper service was not made on the corporation affected, because made on a managing agent only, raised after the corporation in its answering affidavits had admitted the service of the order, comes too late.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1169; Dec. Dig. ⬡⟿600.]

Appeal from Special Term, New York County.

In the matter of the application of Henry Bruere, as Chamberlain, etc., for an order under Tax Law (Consol. Laws, c. 60), § 299, to examine the Coca-Cola Company in supplementary proceedings for collection of a personal tax for 1915. From an order denying a motion to vacate an order for such examination, the Coca-Cola Company appeals. Affirmed.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, SMITH, and PAGE, JJ.

Henry M. Powell, of New York City, for appellant.
John P. O'Brien, of New York City, for respondent.·

SMITH, J.   The Coca-Cola Company is a foreign corporation organized under the laws of the state of Georgia.   November 19, 1902, it filed a certificate and obtained a license to do business in this state, and designated a person to receive process.   Since that time it has been doing business continuously in the state of New York, with an office or place of business at 330 West Twenty-Seventh street, in the borough of Manhattan.   In October, 1914, the company was assessed in the borough of Manhattan on its capital invested in business in the state of New York as a nonresident doing business in this state, and was duly notified of the assessment.   During the revision period, and on the 23d day of November, 1914, the company filed a statement in the tax department setting forth that it had an office for the transaction of business at 330 West Twenty-Seventh street, and that on October 1, 1914, it had capital invested in the state of New York to the amount of $14,875.   The board of taxes and assessments, acting upon such statement, fixed the company's assessment for the year 1915 in the sum of $14,000.   The tax was not paid, and the receiver

⬡⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of taxes, by virtue of section 926 of the Greater New York Charter, duly issued his warrant to one of the marshals of the city of New York, directing him to collect said tax. On the 15th day of November, 1915, the marshal returned the said warrant uncollected.

Within one year thereafter, the city chamberlain, acting as the county treasurer, presented an affidavit setting forth that the company was a nonresident doing business and having capital invested in said business in the state of New York; that on the 1st day of October, 1914, the taxable day for the year 1915, such capital was assessed in the sum of $14,000; that all the necessary requirements were complied with; that a warrant was issued to the marshal and returned uncollected— and prayed for an order to examine the Coca-Cola Company for the purpose of collecting said tax. The order was thereupon granted, and directed that the company be examined concerning its invested capital. The company thereupon obtained an order to show cause for the vacation of this order for examination upon the ground that it is a judge's order, and for the further reason that the proceedings were instituted against a nonresident corporation, the court having no jurisdiction to grant such an order, and an order against a nonresident is not within the contemplation of section 299 of the Tax Law. Section 299 of the Tax Law provides:

"If a tax exceeding ten dollars in amount levied against a person or corporation is returned by the proper collector uncollected for want of personal property out of which to collect the same, the supervisor of the town or ward, or the county treasurer or the president of the village, if it is a village tax, may, within one year thereafter, apply to the court for the institution of proceedings supplementary to execution, as upon a judgment docketed in such county, for the purpose of collecting such tax and fees, with interest thereon from the fifteenth day of February after the levy thereof. Such proceedings may be taken against a corporation, and the same proceedings may thereupon be had in all respects for the collection of such tax as for the collection of a judgment by proceedings supplementary to execution thereon against a natural person, and the same costs and disbursements may be allowed against the person or corporation examined as in such supplementary proceedings but none shall be allowed in his or its favor. * * *"

[1] It is claimed that the tax is not against the corporation itself, but against the property in this state, and therefore a tax in rem, and that the right to institute supplementary proceedings to ascertain the extent of that property is not within the contemplation of the statute. With this view of the statute we are not in accord. The purpose of the statute must be borne in mind, to wit, to enable the tax authorities to ascertain the location and extent of property from which the tax can be collected. The proceeding is not brought under the Code of Civil Procedure, although made to conform as far as may be to the provisions of the Code regulating such proceedings. In the opinion of the Court of Appeals in the Matter of Bouker Contracting Co., 113 N. E. 257, is shown the policy of the state in extending the right to examine a domestic corporation in such proceedings. But, apart from the provisions of the Code, the section of the Tax Law quoted authorizes the municipal authorities to invoke such proceedings in aid of the collection of the tax without making any distinction between domestic and foreign corporations, and we are unable to perceive any

good reason why the courts should restrict the authority thus given to proceedings against domestic corporations.

[2] It is further claimed that proper service was not made upon the corporation, because made upon a managing agent only. This objection comes too late, after the corporation in its answering affidavits has admitted the service of the order upon the corporation.

The order should therefore be affirmed, with $10 costs and disbursements. All concur.