In the Matter of the Application of MILO R. MALTBIE, Chamberlain of the City of New York and County Treasurer of the County of New York, Respondent, for an Order Examining LOBSITZ MILLS COMPANY, Appellant, in Supplementary Proceedings for the Collection of the Tax Imposed upon It for the Year 1914.

In the Matter of the Application of MILO R. MALTBIE, Chamberlain of the City of New York and County Treasurer of the County of New York, Respondent, for an Order Examining the NEW YORK AND PHILADELPHIA COAL AND COKE COMPANY, Appellant, in Supplementary Proceedings for the Collection of the Tax Imposed upon It for the Year 1915.

First Department, June 8, 1917.

**Tax — failure of foreign corporation to pay State tax — jurisdiction of Supreme Court to order examination in supplementary proceedings, under Tax Law, section 299.**

The jurisdiction of the Supreme Court to issue orders for the examination in supplementary proceedings of foreign corporations which have failed to pay the State tax levied against them, does not rest on the appearance of the corporations before the tax department, but upon the fact that the tax has been returned by the proper collector uncollected for want of personal property out of which to collect the same.

The rights of such corporations are adequately safeguarded by section 301 of the Tax Law.

APPEALS by the Lobsitz Mills Company and another, from orders of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 18th day of January, 1917, denying motions to vacate the orders for the examination of the appellants herein in supplementary proceedings under section 299 of the Tax Law (Consol. Laws, chap. 60; Laws of 1909, chap. 62).

*Henry M. Powell,* for the appellants.

*John P. O'Brien,* for the respondent.

PAGE, J.:

This court has decided adversely to the contentions of the moving parties in *Matter of Bruere* (174 App. Div. 298). The counsel for the appellants claims that these cases are to be

distinguished from that case, in that in *Matter of Bruere* it was shown that the Coca Cola Company had during the revision period filed a statement in the tax department setting forth that it had an office for the transaction of business and had capital invested in this State, thereby submitting itself to the jurisdiction of the assessors. Whereas, in the instant cases the corporations had not so submitted themselves.

Jurisdiction of the court to issue the order for the examination does not rest on the appearance of the corporation before the tax department, but upon the fact that the tax has been returned by the proper collector, uncollected for want of personal property out of which to collect the same. (Tax Law [Consol. Laws, chap. 60; Laws of 1909, chap. 62], § 299.)

The corporation's rights are adequately safeguarded by section 301 of the said act (as amd. by Laws of 1909, chap. 374).

The orders should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING, SMITH and SHEARN, JJ., concurred.

Orders affirmed, with ten dollars costs and disbursements; time of examinations to be fixed in orders. Orders to be settled on notice.