In the matter of RANSOM BAKER, Respondent, v. RICHARD
KENWORTHY, Sheriff, &c., Appellant.

Where the sheriff has collected moneys on an execution issued upon a judg-
ment in favor of B., he has no right as against the assignee of B., to levy
upon such moneys in his hands by virtue of, or upon his own motion, to
apply them to the payment of an execution against B. received by him,
although he has no notice of the assignment. And, if he make such appli-
cation, he will nevertheless be compelled to account to such assignee for
the full amount of such moneys.

*Muscott* v. *Woolworth* (14 How., 477), approved.

*It seems*, that the sheriff could not levy on the money, under the Revised
Statutes, until actually paid over by him to B., and that he could not
apply it to the payment of the execution against B., except upon
order under section 294 of the Code. MURRAY, J.

(Cause submitted June 26th, and decided September 27th, 1869.)

APPEAL from an order of the General Term in the Supreme
Court, second judicial district, affirming an order directing the
sheriff of Dutchess county to pay over moneys to Baker.

January 4th, 1869, Levi L. Brooks recovered a judgment
against one Berry for $161.49, in the Supreme Court, $111.49
of which was costs. Ransom Baker (the respondent) was
Brooks' attorney in obtaining the judgment. . On the 8th of
January, execution was issued on said judgment, and delivered
to the appellant, Richard Kenworthy, sheriff of Dutchess
county, for collection. The right to this judgment, when
perfected, had been assigned by Brooks to his attor-
ney, Ransom Baker, before it was obtained, to wit, on
the 17th of October, 1868, but no notice of the assign-
ment was given to the sheriff. On the 26th of January,
1869, the sheriff had an execution placed in his hands for
collection, in favor of Ramsdell and others, against the pro-
perty of the said Brooks for the sum of $145.88. While the
sheriff had both these executions in hand, Berry paid the
sheriff the amount of the execution against him, and the
sheriff returned the execution, satisfied. He then, without
any delivery to Brooks, applied sufficient of the money to pay

the execution against Brooks to the payment thereof, and is ready to pay the balance to Mr. Baker, who refuses to receive it, and insists on the whole amount being paid to him. On his application, the Special Term of the Supreme Court orders the sheriff to pay over the whole amount, or attachment to issue. The sheriff then appealed from that order, and the General Term of the second district affirmed it, with ten dollars costs.

The sheriff appeals to this court.

*Homer A. Nelson*, for the appellant.

*William J. Thorne*, for the respondent.

MURRAY, J. This order should be affirmed for two reasons. First, the money paid into the hands of the sheriff on the execution in favor of Brooks, did not become the property of Brooks until it had been paid over to him. Until that was done, the sheriff could not levy upon it by virtue of the execution against Brooks then in his hands. (*Carroll* v. *Cone*, 40 Barb., 220.) Same case affirmed in this court. Argued January term, 1869, and decided at the March term. (*Dubois* v. *Dubois*, 6 Cowen, 494; *Muscott* v. *Woodworth*, 14 How., 477. Reversing the same case in 13 Howard, 377.)

Brooks, having assigned the cause of action or judgment to Baker, his attorney, he had no interest in the money, in the hands of the sheriff. He had no right of action against the sheriff for the money. Baker, the assignee, had a right of action against the sheriff for the money. He not having given notice of the assignment to the sheriff does not help the sheriff in the least, inasmuch as he did not pay the money to the plaintiff in the execution against Brooks under an order of any court. (*Robinson* v. *Weeks*, 6 How., 161; *Richardson* v. *Ainsworth*, 20 How., 521; *Buckwilt* v. *Union Bank of N. Y.*, 9 N. Y. R., 211; *Muer* v. *Skink*, and another, 3 Hill, 228.)

If the sheriff had paid the money to Brooks, or had paid it

to the plaintiff in the execution against Brooks, under an order of a court or judge in a proceeding under section 294 of the Code, in the absence of any notice of the assignment, or of any lien by Baker, he would have been protected. (*Gibson* v. *Haggerty*, 37 N. Y. R., 555.)

The sheriff did not assume to act under section 293 of the Code, and did not proceed according to the provisions of that section; therefore it is unnecessary to consider whether he might have been protected in doing it or not. I think the order of the Special and General Term should be affirmed with ten dollars costs.

GROVER, J. The appeal from the order in this case presents two questions. 1st. Whether money, collected by a sheriff upon an execution in favor of a party, can be levied upon by the sheriff by virtue of another execution in his hands against such party, or applied to the payment thereof by the sheriff, under section 293 of the Code. 2d. Whether, if it may be so levied upon or applied, such levy or application will be precluded by an assignment of the judgment made by the party to a third person, before the collection of the money, but of which the sheriff has no knowledge at the time of the levy, or application of the money to the payment of the execution. That the money collected, while in the hands of the officer, is not subject to levy upon an execution against the party in whose favor it was collected, was the well settled doctrine of the English courts, as is shown by the cases cited and commented upon in *Turner* v. *Fendall* (1 Cranch U. S. Reports, 116). In that case, the like doctrine was held by the court; although the form of the execution was relied on as a reason for the judgment, the change of form introduced by the Code in this State has not impaired the authority of the case, unless it shall be held that the legislature by this change of form, designed to change the rule in this respect. An examination of section 290, prescribing the forms of executions, will show that the legislature had no such intention, but merely designed to make all executions

against property substantially alike, and to abbreviate them by abolishing certain clauses deemed requisite by the common law, when successive executions were issued upon the same judgment, and in various other respects. Had it been designed to change the rule in question, such design would not have been left to a vague inference, arising from the fact, that by a change in the form of the execution, one of the reasons assigned for the rule had been rendered no longer applicable, but would have been effected in plain language. In *Dubois* v. *Dubois* (6 Cowen, 494), it was assumed by the court, that it was the well known settled law of the State, that the money was not the subject of levy. This was universally acquiesced in, so far as appears, until the case of *Muscott* v. *Woodworth* (13 Howard Pr., 337), when the question arose upon demurrer to an answer setting up such defence at Special Term; and by that court it was held that the levy might be made. An appeal was taken from the order to the General Term, when the question was thoroughly examined, and the order of the Special Term reversed. (14 Howard, 477.) The opinion cites numerous authorities, showing that the rule is nearly uniform in the other States, as well as in this and the United States courts, that the money so collected is not the subject of levy against the party upon whose execution it was collected. This has since been acquiesced in until the present case. All the sheriffs of the State have acted upon the supposition, that such was the law, and have, therefore, neglected to levy upon such money, but have paid it over to those in whose favor it was collected. It would be exceedingly severe upon these officers now to introduce a different rule, retrospective in its operation, thereby exposing them to actions for neglecting to make such levy. If any change in the rule is desirable, it should be left to the legislature. I shall not, therefore, examine the question upon principal. Section 293 of the Code provides that, after the issuing of execution against property, that any person indebted to the judgment debtor may pay to the sheriff the amount of his debt, or so much thereof as shall be necessary

to satisfy the execution, and the sheriff's receipt shall ·be a sufficient discharge for the amount so paid.    It is insisted by the counsel for the appellant, that under this section, the sheriff was authorized to satisfy the demand against him for the money collected, by applying the same to the payment of the execution in his hands against the party to whom the money was due.    I do not think that any such construction is warranted by the section.    It is entirely discretionary with the debtor whether he will pay the debt to the sheriff; he is under no obligation to do this.    It would be exceedingly anomalous to leave it to the officer to secure for a party the amount of an execution which it was his duty to collect, if if he could find property, or not, as he pleased.    I am satisfied that neither the commissioners or the legislature had any such intention.    Again, the debtor is to pay his debt to the sheriff, and take his receipt therefor, to discharge his debt.    All this has no application to the act of the sheriff in applying the money upon another execution.    *Gibson* v. *Haggerty* ( 37 N. Y., 555), cited by the counsel, has no application to the present case.    These views render it unnecessary to examine the remaining question presented in the case.    The order appealed from must be affirmed, with costs.

All the judges concurring.

Order affirmed.