By the Court.—Speir, J.
—The rule has been uniform in this State and in the United States courts, that money collected while in the hands of the sheriff is not subject to levy upon an execution against the party in whose favor it .was collected. The section of the Code under which the order was made provides, that after the issuing of the execution against property, *56 any person indebted to the judgment debtor may pay to the sheriff the amount of his debt, or so much thereof as shall be necessary to satisfy the execution, and the sheriff’s receipt shall be a sufficient discharge for the amount so paid. It is insisted by the defendant’s counsel that under this section the sheriff was authorized to satisfy the demand against him for the money collected, by applying it to the payment on the execution in his hands against the party to whom the money was due. I do not think this is the construction of the statute. The debtor is to pay his debt to the sheriff, and take his receipt therefor to discharge his debt. This does not authorize the sheriff to apply the money upon another execution. A voluntary payment by a debtor, without his creditor’s authority, cannot be upheld, whether it be to a creditor of his creditor or to any other person. It would be exceedingly anomalous bo permit a debtor to determine which of the creditors of his creditor shall be first paid, and select some friend of his own as deserving his favor. Johnson’ s claim to favor as the creditor of Adams was in law equal to that of anybody else. This construction of the statute has, in terms, been settled in Baker v. Kenworthy, 41 N. Y. 215, and although the case does not present the same facts, the principle is established.
But the defendants do not come within the description of persons named in the section. The words are, “any person indebted to the judgment debtor may pay,” &c.. The defendants cannot be said to be indebted to Adams when the latter had assigned all his interest to Johnson. The language of the section cannot be enlarged by applying it to any case other than that provided for by the statute itself. Knowledge of the assignment is immaterial, the fact alone determines the case contemplated. The assignment was made before any judgment was recovered, and is valid if founded upon professional services rendered and to be *57 rendered. The consideration is meritorious. There is nothing in the papers showing any fraud.
The order appealed from must be reversed with costs.
Freedman, J., concurred.