In the Matter of BOUCKER CONTRACTING COMPANY, Appellant, *v.* W. H. CALLAHAN CONTRACTING COMPANY, Respondent.

Supplementary proceedings — may be maintained against domestic corporations by judgment creditors — such right does not authorize the appointment of a receiver in such proceeding.

Although since the amendment of the statute (Code Civ. Pro. § 2463, amd. by L. 1908, ch. 278) supplementary proceedings may be maintained against domestic corporations by judgment creditors, such right does not authorize the appointment of a receiver. The amendment simply has the effect of making domestic corporations subject to the provisions of the Code for the institution and maintenance of supplementary proceedings, and does not change the law so as to allow preference to be obtained by the creditors of insolvent corporations.

*Matter of Boucker Contracting Co.* v. *Callahan Contracting Co.*, 172 App. Div. —, affirmed.

(Argued May 24, 1916; decided June 6, 1916.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered January 14, 1916, affirming an order of the Appellate Term which reversed an order of the City Court of the city of New York denying a motion to vacate an order appointing a receiver of a domestic corporation in proceedings supplementary to execution.

The facts, so far as material, and the question certified are stated in the opinion.

*Allen S. Wrenn* for appellant. It was the intention of the legislature by the amendment of 1908 to extend the remedy of supplementary proceedings, including the receivership, to the case of domestic and all other corporations. (Riddle & Bullard on Supp. Pro. 346; *Rabbe* v. *Astor Trust Co.*, 61 Misc. Rep. 650.) Section 306 of the General Corporation Law does not prevent the

21

appointment of receivers in supplementary proceedings against corporations. (*Price* v. *Price*, 21 App. Div. 597.) It is not contrary to the policy of the state to appoint receivers in supplementary proceedings against corporations. (*Logan* v. *McCall Pub. Co.*, 140 N. Y. 447.)

*Mortimer M. Menken* for respondent. The appointment of a receiver, in supplementary proceedings, of the property of a domestic corporation, is not authorized by the laws of this state. (*Smith* v. *Tozer*, 11 Civ. Pro. Rep. 346; *Mede* v. *Meyer*, 55 Misc. Rep. 621; *Heyl* v. *Taylor*, 64 Misc. Rep. 31; *City of New York* v. *694 Broadway Co.*, N. Y. L. J., Jan. 8, 1915.) The appointment of a receiver in supplementary proceedings, of a domestic corporation, is repugnant to the scheme of legislation in this state. (*Gouse* v. *Boldt*, 49 Misc. Rep. 340; 115 App. Div. 897; 188 N. Y. 546; *Hirshfeld* v. *Bopp*, 145 N. Y. 84; *Hilton* v. *Ernst*, 38 App. Div. 94; *Lodi Chemical Co.* v. *Nat. Lead Co.*, 41 App. Div. 535; *O'Brien* v. *E. R. Bridge Co.*, 36 App. Div. 24; *Stephens* v. *Meriden Britannia Co.*, 160 N. Y. 182; *Matter of Walker*, 157 App. Div. 617; *Price* v. *Price*, 21 App. Div. 597; *Logan* v. *McCall Pub. Co.*, 140 N. Y. 447.)

WILLARD BARTLETT, Ch. J. The question certified to this court for decision upon the present appeal is the following: "May a receiver of the property of a domestic corporation be appointed in proceedings supplementary to execution?"

The Appellate Division and the Appellate Term have answered this question in the negative. We think their answer is correct.

Section 306 of the General Corporation Law (Cons. Laws, ch. 23; formerly section 1810 of the Code of Civil Procedure) provides that "A receiver of the property of a

corporation can be appointed only by the court, and in one of the following cases," and then proceeds to specify a number of cases none of which includes a proceeding supplementary to execution.   This prohibition, therefore, necessarily requires a negative answer to the certified question unless authority for the appointment of a receiver of a domestic corporation in supplementary proceedings can be found in some other statute.

Proceedings supplementary to execution under the old Code of Procedure were applicable to natural persons only. (*Logan* v. *McCall Publishing Co.*, 140 N. Y. 447.) They continued to be thus restricted under the Code of Civil Procedure except in respect to certain specified foreign corporations until 1908 when the restriction was removed.   This appears by the language of section 2463 which is the last section in article I of title XII of the Code of Civil Procedure, which article is entitled "Proceedings to compel an examination of the judgment debtor, and of his debtor or bailee." Prior to 1908 that section provided as follows: "This article does not apply where the judgment debtor is a corporation created by or under the laws of the state or a foreign corporation specified in section 1812 of this act, except in those actions or special proceedings brought by or against the people of the state."   By chapter 278 of the Laws of 1908 this section was amended so as to omit the words above quoted.   It is contended in behalf of the appellant that this amendment not only renders domestic corporations liable to proceedings supplementary to execution but also to the receivership in such proceedings provided for in article II of the same title in the Code.   The argument is that the right to maintain supplementary proceedings against domestic corporations having been conferred upon their judgment creditors, it necessarily includes the right to an appointment of a receiver in such proceedings.   The learned judges of the Appellate Term, however, whose opinion was adopted by the Appellate Division, rejected this view

on the ground that the appointment of a receiver of the property of a domestic corporation for the benefit of a vigilant judgment creditor was contrary to the policy of our law and the express provisions of statute — namely, section 306 of the General Corporation Law.

We think the courts below were right in both respects. So far as domestic corporations are concerned, the policy of this state as disclosed in its legislation has for many years favored a *pro rata* distribution of the assets in case of insolvency. This is manifested in sections 112 and 134 and 261 of the General Corporation Law and section 66 of the Stock Corporation Law. A receiver appointed under the General Corporation Law acts for the benefit of all the creditors of the corporation, who are thus assured that no one will acquire a preference over any other in the distribution of its assets; whereas a receiver in supplementary proceedings represents only the creditor who procured his appointment and such others as may have caused the receivership to be extended to their claims, each becoming entitled to payment in full in the order of his diligence. (*Stephens* v. *Meriden Britannia Co.*, 160 N. Y. 178, 183.) In view of the policy so clearly disclosed in the general laws relating to corporations we should not assume that the legislature intended to change it by the amendment of section 2463 of the Code in 1908 unless the inference of such intent is inevitable — and it is not. The amendment simply had the effect of making domestic corporations subject to the provisions of the article in which the section occurs — that is to say, the provisions for the institution and maintenance of supplementary proceedings. It had no effect upon the provisions of a subsequent and different article relating to the receivership; and this limitation of its effect harmonizes the Code provisions with the general law relating to corporations and while permitting creditors to avail themselves of supplementary proceedings to ascertain the existence of corporate property and follow it up in case

of attempts to hide it, they were, nevertheless, compelled, if they desired a receivership, to submit to one in which no preferences were permitted. In other words, the legislature did not intend to change the law so as to allow preferences to be obtained by the creditors of insolvent corporations. If it meant to do this it would have said so in unmistakable language.

The order appealed from should be affirmed, with costs, and the question certified answered in the negative.

HISCOCK, CHASE, CUDDEBACK, HOGAN, CARDOZO and POUND, JJ., concur.

Order affirmed.