## Alexander Berkman, Plaintiff, *v.* New York Produce Exchange Bank, Defendant.

(Municipal Court of the City of New York, Borough of Manhattan, First District, September, 1917.)

Judgments — motion for judgment on the pleadings granted — motions and orders — banks — Code Civ. Pro. § 2446.

A judgment debtor's bank account can only be reached, after the return of an execution unsatisfied, by an action in equity or by proceedings supplementary to an execution, in accordance with section 2446 of the Code of Civil Procedure, which provides that a person indebted to a judgment debtor may be permitted by order to pay to the sheriff a sum not exceeding an amount which will satisfy the execution.

In the absence of such an order, the voluntary payment by a bank of a depositor's balance to a United States marshal to be applied on account of a fine imposed by a federal court convicting the depositor of a felony is not available as a defense to an action by the depositor against the bank to recover said balance.

Motion for judgment on the pleadings.

Harry Weinberger, for plaintiff.

Reeves & Todd (William P. Dalton, of counsel), for defendant.

Spiegelberg, J. This is a motion for judgment on the pleadings. The complaint in substance alleges that the plaintiff was a depositor with the defendant and that on July 12, 1917, there was a balance of $417.83 due to him, which sum the defendant refused to pay, although demand therefor was duly made. The answer sets up as a defense that the plaintiff on July 9, 1917, was adjudged guilty of a felony in the United

States District Court for the Southern District of New York, and was sentenced to imprisonment for a term of years, and in addition thereto was fined the sum of $10,000; that said fine of $10,000 remaining unpaid, the United States marshal of the Southern District of New York, by virtue of said judgment, seized the balance of the moneys on deposit with the defendant, and that said marshal deposited the sum with the treasurer of the United States to be applied on account of said fine of $10,000.    The facts alleged in the answer constitute no defense to the plaintiff's claim.

The United States marshal has no greater powers in executing a judgment than a sheriff.    It is provided by federal statute that: " The party recovering a judgment in any common-law cause in any circuit or district court, shall be entitled to similar remedies upon the same, by execution or otherwise, to reach the property of the judgment debtor, as are now provided in like causes by the laws of the State in which such court is held, or by any such laws hereafter enacted which may be adopted by general rules of such circuit or district court; and such courts may, from time to time, by general rules, adopt such State laws, as may hereafter be in force in such State in relation to remedies upon judgments, as aforesaid, by execution or otherwise." 3 U. S. Compiled Statutes, 1916, § 1540; U. S. R. S., 1916.

In pursuance to the statute the District Court of the United States for the Southern District of New York adopted the following rule:  " In common law causes the parties shall be entitled to the same rights and remedies as respects attachments against the property of the defendant, and as respects proceedings supplementary to execution as are now or may be hereafter provided by the laws of the State of New York, which laws (in respect of common law causes)

are hereby adopted by this Court." Common Law Rule Nò. 4, District Court of the U. S. for the Southern District of N. Y., in effect February 1, 1913.

It has been repeatedly held that marshals in each state in executing the laws of the United States shall have the same powers as sheriffs in executing the laws of the state. 2 U. S. Compiled Statutes, 1916, § 1312; U. S. R. S. § 788; *United States* v. *Harden,* 10 Fed. Repr. 802; *Matter of Neagle,* 135 U. S. 1, 68.

The powers of the marshal to enforce the judgment against the plaintiff are therefore to be measured by those of the sheriff under a judgment of this state. It is well settled that the relation between a bank and its depositor is that of debtor and creditor, and that the money deposited with a bank becomes the bank's own money as a part of its general funds. This rule has been recently reiterated in *Baldwin's Bank* v. *Smith,* 215 N. Y. 76, 82. Following the general rule that at common law choses in action are not the subject of levy under an execution (*Duffy* v. *Dawson,* 2 Misc. Rep. 401), it becomes apparent that the money which the plaintiff deposited with the defendant could not be seized under the execution against him. *Carroll* v. *Cone,* 40 Barb. 220. The *Carroll* case was affirmed by the Court of Appeals as appears by reference thereto in *Baker* v. *Kenworthy,* 41 N. Y. 215, 216. A judgment debtor's bank account can only be reached, after the return of an execution unsatisfied, by an action in equity or by proceedings supplementary to an execution, in accordance with section 2446 of the Code of Civil Procedure, which provides that a person indebted to a judgment debtor may be permitted by order to pay to the sheriff a sum not exceeding a sum which will satisfy the execution. In this case no order was obtained, and the payment by the defendant to the marshal was in clear violation of the statute. The

payment must be considered as voluntarily made and is not available as a defense to the plaintiff's claim. *Knights of Pythias* v. *Manhattan Savings Institution,* 12 Misc. Rep. 626.

The plaintiff's motion for judgment on the pleadings is granted.

Motion granted.