HARRY ROSENBERG, Judgment Creditor, *v.* GAMMA CHAPTER, PI LAMBDA PHI FRATERNITY, INC., Judgment Debtor.

City Court of New York, Bronx County, February 25, 1929.

*Edward A. Scott,* for the motion.

*Henry Crofut White,* opposed.

DONNELLY, J. This is a motion by the above-named judgment creditor for an order directing the Corn Exchange Bank to pay to the sheriff of the county of Bronx the sum of $152.33, concededly held by the bank on deposit for the judgment debtor, and to apply said sum in satisfaction of a judgment for said amount obtained by the creditor against the said debtor. A permissive order directed to the bank was heretofore made herein, but the bank declined to make any payment thereunder, upon the ground that as the proceedings supplementary to execution, in which said order was made are purely statutory, the bank in making such payment would be compelled to assume all liability for any possible lack of jurisdiction. The bank likewise opposes the pending application for a mandatory order, which is made under section 793 of the Civil Practice Act, and it raises the question of the power to make such order.

Section 793 of the Civil Practice Act is a re-enactment of section 2447 of the Code of Civil Procedure. In *Kantor Bros.* v. *Wile* (93 Misc. 438, 441), which was a motion to punish one of the officers of the Bank for Savings for contempt for failure to obey a

mandatory order requiring the bank to pay over to the sheriff a deposit of the judgment debtor, this court, speaking through FINELITE, J., said: "The order authorized by section 2447 is mandatory, but where the payment of money is directed it can only be required from a judgment debtor and not a third party, who can only be required to deliver ' one or more articles of personal property capable of delivery,' the right to which is not substantially disputed." The motion to punish was denied, but leave was given to the judgment creditor to apply for the appointment of a receiver of the funds in the control of the bank. In the instant case a receiver cannot be appointed because the judgment debtor is a domestic corporation. (*Matter of Boucker Contracting Co.* v. *Callahan Contracting Co.*, 218 N. Y. 321.) In *Capital City Surety Co.* v. *De Luxe Sightseeing Co.* (133 Misc. 750), FINELITE, J., also said: " While money on deposit in a bank is commonly considered to be the property of the depositor, the relationship in fact between him and the bank is that of debtor and creditor, and the amount on deposit represents merely an indebtedness by the bank to the depositor. For this reason the provisions of section 793, requiring delivery. of money to the sheriff where the same belongs to a debtor but is in the possession of a third party, do not apply and cannot be availed of here." In *Knights of Pythias* v. *Manhattan Savings Inst.* (12 Misc. 626, 628) it was held: " Section 2447, which authorizes a ' direction ' to pay, applies only to moneys in the hands of the judgment debtor. The provision therein directing delivery over by a third person applies to articles of personal property other than money, capable of delivery, and to which the title of the debtor is undisputed." In *Berkman* v. *New York Produce Exchange Bank* (101 Misc. 282, 284) SPIEGELBERG, J., said: " It is well settled that the relation between a bank and its depositor is that of debtor and creditor, and that the money deposited with a bank becomes the bank's own money as a part of its general funds. This rule has been recently reiterated in *Baldwin's Bank* v. *Smith*, 215 N. Y. 76, 82. Following the general rule that at common law choses in action are not the subject of levy under an execution (*Duffy* v. *Dawson*, 2 Misc. Rep. 401), it becomes apparent that the money which the plaintiff deposited with the defendant could not be seized under the execution against him. *Carroll* v. *Cone*, 40 Barb. 220. The *Carroll* case was affirmed by the Court of Appeals as appears by reference thereto in *Baker* v. *Kenworthy*, 41 N. Y. 215, 216. A judgment debtor's bank account can only be reached, after the return of an execution unsatisfied, by an action in equity or by proceedings supplementary to an

execution, in accordance with section 2446 of the Code of Civil Procedure, which provides that a person indebted to a judgment debtor may be permitted by order to pay to the sheriff a sum not exceeding a sum which will satisfy the execution." Under these authorities, it seems the mandatory order applied for may not be made, and the application therefor is denied. But, as this motion is not only for such mandatory order, but "for such other and further relief as may be deemed proper," I am satisfied that under section 793 of the Civil Practice Act an order may be made herein requiring the judgment debtor to turn over to the sheriff the amount on deposit to his credit in the Corn Exchange Bank, with direction to the sheriff to apply the same in satisfaction of the judgment herein. The pertinent provisions of section 793 are as follows: "Where it appears from the examination or testimony taken in a special proceeding authorized by this article that the judgment debtor has in his possession or under his control money * * * the judge to whom the order or warrant was granted or to whom it is returnable, in his discretion, and upon such a notice given to such persons as he deems just, or without notice, may make an order directing the judgment debtor * * * immediately to pay the money * * * to a sheriff designated in the order * * *."

Submit order in accordance herewith.