In the Matter of FRANK C. DELANEY, as Receiver of the S. D. FRUIT & PRODUCE Co., INC., Respondent. THE BANK OF THE UNITED STATES, Appellant.

(Argued April 8, 1931; decided May 12, 1931.)

*Joseph F. Hunter, Joseph R. Margulies, Warren C. Fielding, H. Louis Jacobson* and *Carl J. Austrian* for appellant. Section 168 of the General Corporation Law may not be validly construed to vest title retroactively in the receiver, to property not in the possession of the bank nor owing by it to the debtor corporation, at the time either of commencement of the sequestration action or the appointment of the receiver. The receiver took only such title as the corporation had at the time of his appointment and qualification. (*People* v. *Community*

*Live Poultry Corp.*, 127 Misc. Rep. 396; *Pittsburgh Carbon Co.* v. *McMillin*, 119 N. Y. 46; *Hubbard* v. *Lewis*, 128 App. Div. 416; *Wilcox* v. *National Shoe & Leather Bank*, 67 App. Div. 466; *Rump* v. *Van Rensselaer*, 138 App. Div. 289; *People* v. *U. S. Stationery Co.*, 24 Misc. Rep. 535; *Matter of Chauncey*, 191 App. Div. 389.) The Special Term was without constitutional power to summarily try and adjudicate the disputed indebtedness of the bank to the debtor. (*Kenney* v. *South Shore Natural G. & F. Co.*, 201 N. Y. 89; *Rump* v. *Van Rensselaer*, 138 App. Div. 289; 1 White on Corporations, 525; High on Receivers, § 454; *Hubbard* v. *Lewis*, 128 App. Div. 416.) The order appealed from cannot be sustained under section 170 of the General Corporation Law. (*People* v. *Community Live Poultry Corp.*, 127 Misc. Rep. 396; *Kantor Brothers* v. *Wile*, 93 Misc. Rep. 438; *Rosenberg* v. *Gamma Chapter*, 133 Misc. Rep. 624; 5 Remington [3d ed.], §§ 2170, 2350; *Matter of Roman*, 23 Fed. Rep. [2d] 556.)

*Frank C. Delaney* and *Abner M. Heggen* for respondent. The bank balance of the judgment debtor was property and an asset of the corporation. (*Attorney-General* v. *Atlantic Mut. Life Ins. Co.*, 100 N. Y. 279; *Raymond* v. *Security Trust Co.*, 44 Misc. Rep. 31; 101 App. Div. 546; *Matter of Woven Tape Skirt Co.*, 12 Hun, 111; *Decker* v. *Gardner*, 124 N. Y. 334.) The debtor's chose in action, represented by its credit balance with the appellant, was preserved against extinction by the mutual agreement of appellant and its depositor by virtue of the injunction that the appellant should not make or suffer any other disposition of property belonging to the judgment debtor. (*People* v. *Community Live Poultry Corp.*, 127 Misc. Rep. 396; *Matter of Boucker Contracting Co.* v. *Callahan Contracting Co.*, 218 N. Y. 321; Gen. Corp. Law, § 150.) The court at Special Term was justified in directing that the bank balance be summarily turned over to the respondent. (*Kenney* v. *South Shore Natural*

*Gas & Fuel Co.*, 201 N. Y. 89; *Rump* v. *Van Rensselaer*, 138 App. Div. 189; *Hubbard* v. *Lewis*, 128 App. Div. 416.)

POUND, J. This is a proceeding under General Corporation Law (Cons. Laws, ch. 23), section 170, instituted by the receiver of the property of the S. D. Fruit & Produce Co., Inc., to recover assets of the corporation from The Bank of United States. The bank has been ordered to pay over to the receiver $2,243.33, which was the amount of á deposit account of the insolvent corporation on September 13, 1929, although on the date of the appointment of the receiver the corporation had no moneys on deposit in the bank.

The history of the case is as follows: Yanow Finance and Mortgage Company obtained a judgment against S. D. Fruit & Produce Co., Inc., for $201. Execution was issued thereon and proceedings supplementary to execution were instituted in September, 1929. A third party order was obtained for the examination of The Bank of United States which contained the usual injunction forbidding the bank to make any disposition of any property belonging to the judgment debtor " until further order in the premises." No examination was had under the order but an affidavit was made on behalf of the bank in lieu thereof to the effect that the bank was indebted to the judgment debtor " in a sum sufficient to pay the judgment * * * and that such amount is being held until further order in the premises."

The problem then arose as to the proper method of collecting this sum. A judgment creditor may maintain proceedings supplementary to execution against a corporate judgment debtor, but no receiver may be appointed in such proceedings for his benefit. It is contrary to the policy of our law to appoint a receiver of the property of a domestic corporation for the preferential advantage of a vigilant judgment creditor. A receiver should be appointed under the provisions of the General Corpora-

tion Law in sequestration proceedings to act for the benefit of all creditors. (*Matter of Boucker Co.* v. *Callahan Co.*, 218 N. Y. 321.)

Such being the case, the judgment creditor was compelled to look for other remedies than the appointment of a receiver in its proceedings supplementary to execution. What remedies are provided? We must first consider that the relation between a bank and its depositors is that of debtor and creditor. The money deposited with the bank belongs to the bank and is not the property of the depositor. The property of the depositor is the indebtedness of the bank to it. (*Baldwin's Bank* v. *Smith*, 215 N. Y. 76.) The debt might have been satisfied under Civil Practice Act, section 792, before the appointment of a receiver under an order *permitting* the payment of the debt to the sheriff. No such order was obtained and no such payment could be *compelled*, although under Civil Practice Act, section 792, the delivery of tangible personal property may be compelled. (*Kenney* v. *South Shore N. G. & F. Co.*, 201 N. Y. 89, 92; cf. *Capitol City Surety Co.* v. *DeLuxe Sightseeing Co.*, 133 Misc. Rep. 750; *Rosenberg* v. *Gamma Chapter*, 133 Misc. Rep. 624.)

The judgment creditor then brought sequestration proceedings, under General Corporation Law, section 168, which resulted in the appointment of a receiver in March, 1930. Title to all the property of the corporation vested in the receiver, when he qualified, as of the date of his appointment. " Upon their qualification * * * title * * * shall vest in them," says the section. Title did not " extend back by relation " (Civ. Prac. Act, § 810) as in the case of receivers appointed in proceedings supplementary to execution. (*Matter of Jensen Co.*, 128 N. Y. 550.)

The language of the two sections is in marked contrast. The purpose of the two proceedings differs. The proceedings supplementary to execution are " for the benefit of the judgment creditor in whose behalf the special pro-

ceeding was instituted." (Civ. Prac. Act, § 810.) Sequestration proceedings are for the benefit of all creditors alike. Preference is the aim of one; equality of the other.

The receiver then began a second proceeding against the bank under section 170, General Corporation Law, but the bank had then paid out the entire amount of the deposit on the checks of the depositor, including the $201 held by it subject to the order of the court in the proceedings supplementary to execution.

When title to the property of the corporation vested in the receiver in the sequestration proceedings, what property had the insolvent corporation in the bank deposit, the amount thereof having been entirely withdrawn? Property is anything that may be the subject of ownership. (General Const. Law; Cons. Laws, ch. 22, §§ 38, 39, 40.) The bank deposit of the judgment debtor had been its property, *i. e..*, a chose in action. The receiver took title thereto, if at all, subject to any defense which would be good against the insolvent corporation itself. (*Pittsburg Carbon Co.* v. *McMillin,* 119 N. Y. 46, 53.) If the judgment debtor had sued the bank to recover its deposit on the day before the receiver was appointed the bank's defense would have been complete. A summary proceeding will not lie to compel payment of a deposit to the depositor, neither will it lie to compel payment to the receiver of the depositor. The court will not summarily order a bank to pay a depositor's check nor will it order the payment of a debt to the receiver of an insolvent corporation in a proceeding under General Corporation Law, section 170, although a bank might, and ordinarily would, be permitted to pay the debt to the receiver and thus relieve itself of further liability.

Nevertheless, the bank on this showing has been ordered summarily to pay, not only the amount which it held for the benefit of the judgment creditor in the proceedings, supplementary to execution, but the whole amount of the deposit.

The order is erroneous. The bank was restrained only from paying out so much of the deposit as would pay the judgment in that action and it was not in contempt or in default when it paid out the remainder of the deposit to its depositor. (Cf. *Hubbard* v. *Lewis Co.*, 128 App. Div. 416.) It could not in this proceeding be summarily brought to book for the payment to the judgment debtor, in disregard of the order in the proceedings supplementary to execution, of the amount which should have been held to pay the judgment against it. The amount so held did not, by reason of the injunction order, cease to be a debt and become tangible property like a roll of silver dollars held for the owner.

The proceedings below have gone on the erroneous theory that the entire indebtedness of the bank to its depositor is a tangible asset of the judgment debtor capable of delivery *in specie* to the receiver and subject to the provisions of the last sentence of General Corporation Law, section 170, which provides for the delivery of such property to the receiver. But the payment of debts must be kept distinct from the delivery of property (Civ. Prac. Act, §§ 792, 793) and it appears that the bank never held any tangible property of the insolvent corporation which was capable of physical delivery but was merely indebted to it, subject to the injunction order. Moreover, all rights of property, if their recognition is resisted on substantial grounds (*Kenney* v. *South Shore N. G. & F. Co., supra*), must be determined by action and may not be enforced summarily.

The order should be reversed and the proceeding dismissed, with costs in all courts.

CARDOZO, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Order reversed, etc.