EDGAR A. SAMUELS, as Receiver of the Property of JOSEPH DANKO-WITZ, Plaintiff, *v.* THE PUBLIC NATIONAL BANK AND TRUST COMPANY OF NEW YORK, Defendant.

Municipal Court of New York, Borough of Manhattan, Fifth District, July 7, 1931.

*Abraham Singer,* for the plaintiff.

*Moses & Singer* [*Sam L. Cohen* and *Jacob Neuthaler* of counsel], for the defendant.

LEWIS, DAVID C., J. On November 18, 1912, a judgment was duly entered in favor of Samuel Brachfeld, as plaintiff, against Joseph Dankowitz, as defendant. This judgment was subsequently duly docketed in the office of the clerk of the City Court of the City of New York; a transcript thereof was duly filed, and the judgment docketed in the office of the clerk of the county of New York, and an execution thereon duly issued and returned wholly unsatisfied.

Thereafter and on or about the 17th day of October, 1930, a second execution was duly issued on said judgment to the sheriff of the county of New York, and this second execution was likewise returned wholly unsatisfied.

On the 22d of October, 1930, an order in proceedings supplementary to execution, calling for the examination of the Public National Bank and Trust Company of New York, was duly issued out of the City Court of the City of New York and served on the said bank. This order contained the usual injunction clause restraining the transfer or dispos'tion of any property belonging to the said judgment debtor.

Pursuant to this order, the said bank in lieu of an examination submitted an affidavit by its assistant cashier, in which it set forth that on the 22d day of October, 1930, when the said third party order was duly served on it, the said Joseph Dankowitz, the judgment debtor, had on deposit with the said bank as a depositor thereof a credit balance in the sum of $755.82, which sum was subsequently corrected and increased to the sum of $775.82; that said sum constituted a credit balance subject to withdrawal at any time by the said judgment debtor, the depositor.

Upon the presentation of this proof apparently Edgar A. Samuels was duly appointed as receiver of the property of Joseph Dankowitz. The said receiver thereupon duly qualified and demanded that the bank turn over to him, as such receiver, the said credit balance. The bank refused, and thereupon this action was instituted by the said receiver as such against this defendant to recover the said sum of $775.82.

The defendant resists the claim of the plaintiff upon the following grounds: That during March, 1920, the said Joseph Dankowitz opened a checking account with the defendant, and that thereafter on or about March 12, 1930, he issued a financial statement to said bank which, among other things, provides that upon the entry of a judgment against the depositor and/or a levy under execution upon any of the property of said depositor, " any and all liabilities and obligations of the undersigned to said Bank, whether direct or contingent, shall *at its option* immediately become due and

payable without demand or notice, and said Bank *shall have the right* immediately to offset the balance standing to the credit of the account of the undersigned against any indebtedness or liability of the undersigned to said Bank, whether due or not yet due and whether direct or contingent.   *   *   *

" The undersigned hereby gives to said Bank a continuing lien (a) upon the balance standing to the credit of the undersigned and/or (b) upon any other credit at any time hereafter to the undersigned and/or (c) upon any property or interest therein of the undersigned at any time hereafter in the hands of the said Bank to secure all obligations of and claims and/or demands against the undersigned held by said Bank."

That prior to the service of the said third party order the said depositor (the judgment debtor) was indebted to the bank (the defendant) in the sum of $1,000 evidenced by two promissory, notes, which by their terms were to mature on December 5, 1930, and January 5, 1931, respectively; that the said two promissory notes had been discounted by the defendant bank on or about September 3, 1930, in reliance on the said financial statement of March 12, 1930; that the said defendant *elected* to exercise its rights under the provisions of the said financial statement and to declare the said two notes forthwith due, and to impress and assert its lien upon the said credit balance demanded by the receiver.

From the evidence it appears, however, that up until the service of the said third party order upon the bank, the bank had not exercised the rights it now asserts; the unmatured obligations had not been called, and the balance standing to the depositor's credit had not been set off or appropriated either as security or in liquidation of any obligation of the depositor.

It is fundamental that the relationship existing between the depositor and his bank is that of debtor and creditor. (*People's Nat. Bank* v. *Hewitt*, 226 App. Div. 412; *Baldwin's Bank* v. *Smith*, 215 N. Y. 76, at p. 82.)

" The money deposited with the bank belongs to the bank and is not the property of the depositor. The property of the depositor is the indebtedness of the bank to it." (*Matter of Delaney*, 256 N. Y. 315, at p. 319.)

And there exists in favor of the bank a well-recognized right, which has been termed a banker's lien. The meaning and the properties of this right have been aptly defined: " ' The rule may be broadly stated, that the bank has a general lien on all moneys and funds of a depositor in its possession, for the balance of the general account,' is too broadly stated, and needs the limitation, that the balance of that account must be then due and payable.

A lien, is a right of one to retain property in his possession belonging to another, until certain demands of him in possession are satisfied. (*Hammonds* v. *Barclay*, 2 East, 227–235.) But mere possession does not give the right. It must arise from contract or operation of law. There was no contract for a lien, in this case. Nor did the law operate to give one. It would be in complete hostility to the whole purport and contemplation of the contract of discount. The purpose, existing and understood by the parties in that act, is that the customer of the bank may draw out at his pleasure the avails of the discount. After the paper discounted falls due and payable and remains unpaid, unless other rights have intervened, the bank may hold a balance of deposits and apply it towards the payment of the paper. But these deposits in a bank, create between it and the depositor, the relation of debtor and creditor. (*Commercial Bk. of Albany* v. *Hughes*, 17 Wend. 100; *Ætna National Bk.* v. *Fourth National Bk.*, 46 N. Y. 82.) Now a debtor in one sum, has no lien upon it in his hands, for the payment of a debt owned by him, which has not yet matured; nor has a bank, more than any other debtor. Both hold, as debtors, the moneys of their creditors, and may set up no claim to them not given by the law of set-off, counter-claim, recoupment, or kindred rules. (*Beckwith* v. *Union Bank*, 4 Sandf. Sup. Ct. 604; S. C. affirmed, 9 N. Y. 211; *Giles* v. *Perkins*, 9 East, 37.) " (*Jordan* v. *Nat. Shoe & Leather Bank*, 74 N. Y. 467, at p. 472.)

A consideration of the provisions of the financial statement signed by the judgment debtor (the depositor) in conjunction with the decisions of the court leads to the conclusion that under the facts presented in the instant case the title and claims of the plaintiff as the receiver are superior to the rights sought to be enforced by the defendant.

In the case at bar the notes discounted by the bank and held by it were not demand notes, and hence at the time of the creation of the rights of the receiver the notes were not due. So that at that time the bank was not possessed of any matured claim.

These notes had been discounted by the bank undoubtedly for the very purpose of making the proceeds available for withdrawal by the depositor, and I take it that the demand of the duly qualified receiver was tantamount to a withdrawal.

Nor can it be disputed that a depositor has a perfect right to consent to the payment of his debt before maturity.

" If the maker of the notes consented that they be charged to his account before they were due that was a payment of them. * * * We know of no rule of law which prevents a debtor from paying his debt before it is due." (*Steiner* v. *Mutual Alliance Trust Co.*, 139 App. Div. 645.)

However, even such rights cannot be enforced if superior equities have already intervened; and the consent and its execution must at least antedate claims which otherwise would prevail.

It is my opinion that the rights of the receiver to this credit balance is not to be defeated by reason of the acceleration clause or the provisions of a continuing lien contained in the financial statement. Had the bank exercised its rights prior to the appointment and the demand of the receiver, or had there been a transfer of the credit balance in payment of an unmatured indebtedness prior thereto, a different situation would be presented. As it stands, the plaintiff should prevail.

These views are in substantial accord with the holdings in *Eastern Milling & E. Co.* v. *Eastern Milling & E. Co. of Pa.*, 146 Fed. 761; affd., *sub nom. Corn Exch. Nat. Bank* v. *Locher*. 151 id. 764.)

The ruling of the City Court denying the application of the judgment creditor to punish this defendant for contempt because of its failure to honor the third party order is not conclusive in this action. (*Matter of Delaney, supra.*) (See, also, *Rosenberg* v. *Gamma Chapter*, etc., 133 Misc. 624.)

Judgment for the plaintiff. Ten days' stay.