WILLIS B. DAVIS, Judgment Creditor, *v.* PNEUMATIC CUSHION MANUFACTURING CORPORATION, Judgment Debtor.

City Court of New York, New York County, January 9, 1933.

*Willis B. Davis,* pro per.

*Donald McLean Somers,* for the judgment debtor.

*Hugo E. Rogers,* receiver.

KAHN, J. Motion for reargument of motion for appointment of a receiver of the judgment debtor in supplementary proceedings. The judgment debtor is a foreign corporation. It appears that it does not do business within the State, nor has it within the State a business or fiscal agency or an agency for the transfer of its stock. The judgment debtor urges that the appointment of a receiver of a foreign corporation in supplementary proceedings would be contrary to the policy of the law of the State and the express provisions of its statutes. It cites and relies chiefly upon *Matter of Boucker Contracting Co.* v. *Callahan Contracting Co.* (218 N. Y. 321) as authority for its contention. In that case the judgment debtor was a domestic corporation and the decision was based on section 150 of the General Corporation Law, which covers the appointment of receivers of property of corporations. This statute limits the cases in which the receiver of a domestic corporation may be appointed. Supplementary proceedings are not mentioned. The other authorities cited by the judgment debtor are of like tenor. Section 222 of the General Corporation Law declares that section 150 shall apply to a foreign corporation when it does business within this State, or has therein a business or fiscal agency, or an agency for the transfer of its stock. None of these prerequisites is presented in the proceeding at bar. The facts disclosed on this motion place this proceeding outside the provisions of the statute. There is, therefore, no statutory limitation or prohibition as to the appoint-

ment of a receiver of the property of this judgment debtor. *Logan v. McCall Publishing Co.* (140 N. Y. 447) sustained the appointment in supplementary proceedings of a receiver of the property of a foreign corporation not doing business in this State and having no business or fiscal agency therein, or agency for the transfer of its stock. Motion denied. Order signed.