**UNITED STATES ex rel. MARCUS v. LORD ELECTRIC CO., et al.**
(two cases).

**No. 1679 Civil Action; No. 748 Civil Action (Original).**

District Court, W. D. Pennsylvania.
Jan. 22, 1942.

Margiotti, Pugliese & Casey, Charles J. Margiotti, Joseph H. Reich, and Joseph A. Rossi, all of Pittsburgh, Pa., and Joseph K. Guerin, of New York City, for plaintiff.

Alter, Wright & Barron and James K. Ruby, all of Pittsburgh, Pa., and Vincent J. Malone, of New York City, for defendants.

GIBSON, District Judge.

Morris L. Marcus brought a qui tam action against Lord Electric Company and a number of others upon authority of Section 3491, R.S., U.S.C.A. Tit. 31, § 232. Following judgment a writ of fieri facias issued from this court upon the Lord Electric Company, to be served by the Marshal for the Southern District of New York; and at the same time a writ of attachment issued to be served in the same way, by which a levy was directed upon bank deposits of the Lord Electric Company in the National City Bank of New York and in the Fifth Avenue Bank of New York.

The Lord Electric Company has moved this court to quash each of said writs. A rule issued thereon and the matter has been heard.

As to both writs the allegation of the Lord Electric Company is that the action upon which the writs were founded was the suit of Marcus, in which the jurisdiction of this court in respect to executions ended with the limits of the State. On the other hand, the counsel for Marcus contends that the action is that of the United States, not Marcus, and therefore within the scope of Section 986, R.S., 28 U.S.C.A. § 839, following: "All writs of execution upon judgments obtained for the use of the United States, in any court thereof, in one State, may run and be executed in any other State, or in any Territory, but shall be issued from and made returnable to, the court wherein the judgment was obtained."

The action, it is true, presents several aspects. It has been instituted by the informer, who is entitled to prosecute it to final judgment, and who, when he has so prosecuted it, has a property in the judgment which cannot be taken from him by any settlement, compromise or pardon on the part of the Government. On the other hand he cannot discontinue the action without notice to the Government and permission of the court. The United States Attorney is by statute required to supervise the procedure in the action, although given no control over it. The judgment is undoubtedly in part for the use of Marcus, but it is just as certainly for the use of the United States. When it is considered that the basic cause of action was in the United States, not in Marcus, the court is led to the conclusion that Section 986, R.S., is applicable and, therefore, the motion of the Lord Electric Company to quash the writs of execution is not sustainable upon the proposition that the writs did not have force beyond the limits of this State.

As stated, supra, the Electric Company has attacked the attachment execution writ upon a ground in addition to its territorial claim. It asserts, without contradiction on the part of plaintiff, that the remedy of attachment execution does not exist under the laws of the State of New York in connection with bank deposits, and therefore the Marshal for the Southern District

has no power to levy an execution upon such funds. The basis of this claim is found in Title 28, 28 U.S.C.A. § 504, Sec. 788, R.S., as follows: "The marshals and their deputies shall have, in each State, the same powers, in executing the laws of the United States, as the sheriffs and their deputies in such State may have, by law, in executing the laws thereof."

The Electric Company has quoted, among other cases, Berkman v. New York Produce Exchange Bank, 101 Misc. 282, 167 N.Y.S. 441. The plaintiff in that action had been fined $10,000 by the District Court of the United States for the Southern District of New York. The marshal for that District attached and seized the plaintiff's balance with the defendant Bank. Thereupon the plaintiff brought suit against the Bank, and the court, quoting several authorities, held that he was entitled to recover, as the judgment debtor's bank account can only be reached after the return of an execution unsatisfied, by an action in equity or by proceedings supplementary to an execution.

Counsel for Marcus, in whose behalf, in part, the attachment execution was issued, contends that the matter is controlled by Section 986, R.S., supra, which provides that "all writs of execution upon judgments obtained for the use of the United States, in any court thereof, in one State, may run and be executed in any other State * * * but shall be issued from and made returnable to, the court wherein the judgment was obtained."

■ No question can exist as to the supreme authority of a United States statute which, enacted within constitutional jurisdiction, is directly contrary to a State law. The matter before the court, however, requires interpretation of two Federal statutes.

■ As to the statute which gives to marshals the same functions as the sheriffs of the State, we are of opinion that it has no place in the present inquiry. Sheriffs and marshals serve writs, but they are not expected, or required to pass upon them judicially. In the instant case a writ came from another District and State. By Section 986, R.S., that writ came to the Marshal for service—nothing else. If the writ were in excess of the powers of the court issuing it, that was a matter for the person upon whom it was served or the court, or, as in this case, for the person whose funds were affected. The real inquiry is whether the court has the right to issue a writ which is valid in its own jurisdiction but not in accord with State practice in the venue in which it is to be executed.

■ New York has no statute authorizing attachment execution upon bank deposits. Pennsylvania has such a statute. By Rule 69 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, it is provided that the procedure on execution and in aid of a judgment shall be in accordance with the practice of the state in which the District Court is held. The propriety of the use of an attachment execution by a Pennsylvania court in aid of its judgment has not been questioned. When that judgment is for the use of the United States, Section 986, R.S., definitely provides that a writ of execution obtained upon it "may run and be *executed* in any other State * * *." No exception is noted which might cover a different practice in the state where the execution is sought than in the state which issued the writ. This is a Pennsylvania, not a New York, writ.

The rule to show cause, issued on November 12, 1941, upon the United States of America on relation of Morris L. Marcus, and Morris L. Marcus in his own behalf, and the United States Marshal for the Western District of Pennsylvania, will be vacated and dismissed; as, also, will be the rule to show cause issued on October 31, 1941, upon said United States of America on the relation of Morris L. Marcus, and Morris L. Marcus in his own behalf and the Marshal for the Southern District of New York.

It will be noted that certain clerical errors in connection with the writs were corrected prior to hearing upon the rule.