Desmond, J.
The order should be reversed and the third-party proceeding dismissed. On the undisputed facts appellant necessarily occupied one of two positions, either of which makes him entitled absolutely to the $10,000 check. At the least, he was an equitable assignee, from the time of commencement of the Hedger-Aluminum suit, of the recovery therein for his attorney’s fees, with priority over any later attaching tax or other lien (Judiciary Law, § 475; Beecher v. Vogt Mfg. Co., 227 N. Y. 468, 472; Matter of Herlihy, 274 App. Div. 342, 345). Respondent does not even argue that its claim has priority over appellant’s lien, if any, as attorney, and there is no real dispute that appellant’s services were worth at least the agreed $10,000.
Actually on these facts, appellant individually was the sole beneficiary of an agreement by Aluminum to pay to appellant, individually, $10,000 in consideration of his furnishing a release and discontinuance of the Hedger suit, and so he had title to the $10,000. That being so, no sovereign right of the State enters into the picture.
Procedurally, appellant’s claim of title to the fund could not properly be tried out in these supplementary proceedings (Kenney v. South Shore Natural Gas & Fuel Co., 201 N. Y. 89; Rosenberg v. Rosenberg, 259 N. Y. 338, 341; Matter of Delaney, 256 N. Y. 315, 321). But regardless of procedure, appellant has clearly shown his right to the fund and the proceeding should be dismissed on that ground.
The order of the Appellate Division and that of Special Term should be reversed, with costs in all courts, and the third-party proceeding dismissed.