**UNITED STATES of America, Plaintiff,**

v.

**Derwin B. DUMONT and Lois I. Dumont, husband and wife, Defendants.**

No. 2202.

United States District Court,
D. Montana,
Missoula Division.

July 14, 1976.

Thomas A. Olson, U. S. Atty., Billings, Mont., for plaintiff.

John D. French, French & Grainey, Ronan, Mont., for defendants.

OPINION AND ORDER

RUSSELL E. SMITH, Chief Judge.

The United States, the owner of a judgment against the defendants, sought by an execution issued out of this court to levy on the wages of the defendant Derwin B. Dumont. Dumont, by affidavit which is not controverted, asserts that the judgment was not rendered on debts incurred for necessaries, that he is the head of a family which is dependent upon him for support, and that wages sought to be levied upon are necessary for the use and support of his family.

These wages are totally exempt by virtue of R.C.M. 1947 § 93–5816 if the law of Montana is applicable. Fed.R.Civ.P. 69(a) provides in part:

. . . The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought,

except that any statute of the United States governs to the extent that it is applicable.[1]

The United States contends that 15 U.S.C. § 1673 is a statute of the United States which governs. This section, part of an act placing restrictions on garnishments, does not distinguish and was not enacted for the purpose of distinguishing between the United States and other creditors. It was enacted to protect debtors. In any event, that section cannot benefit the United States in this case. All that it does is specify the maximum amount of wages which may be subjected to garnishment. Were the section ambiguous in itself, the ambiguity is resolved by 15 U.S.C. § 1677 providing:

> This subchapter does not annul, alter, or affect, or exempt any person from complying with, the laws of any State
>
> (1) prohibiting garnishments or providing for more limited garnishments than are allowed under this subchapter
> . . . .

*See Hodgson v. Hamilton Municipal Court,* 349 F.Supp. 1125 (S.D.Ohio 1972).

Defendants' objections to the levy are granted and the United States Marshal is directed to vacate any levies of execution or garnishment which are withholding from the defendant Dumont any wages due to him from his employer.

---

1. The rule makes no distinction between the United States and other attaching creditors. The case of *United States ex rel. Marcus v. Lord Electric Co.,* 43 F.Supp. 12 (W.D.Pa.1942), although sustaining a garnishment, is authority

for the proposition that the incidents of a writ of execution issued on behalf of the United States are governed by the laws of the state in which the writ was issued.