■ In the Matter of KAREN HANDLER, Appellant, v JOSEPH D'AMBROSIO et al., Respondents. [597 NYS2d 539] —Mercure, J. Appeal from an order of the Supreme Court (Best, J.), entered August 31, 1992 in Montgomery County, which, *inter alia,* dismissed petitioner's application, in a proceeding pursuant to CPLR 5239, to determine petitioner's rights to certain funds in possession of respondent Montgomery County Sheriff.

In October 1991, petitioner obtained a judgment against respondent Robert Selbert in the amount of $28,200. On December 19, 1991, petitioner's attorney filed a property

execution with respondent Montgomery County Sheriff who levied upon Selbert's bank accounts in the Amsterdam Savings Bank and Central National Bank. As a result, payments were received by the Sheriff on January 10, 1992 and January 13, 1992 in the total amount of $21,392.17. Respondent Joseph D'Ambrosio (hereinafter respondent) had obtained a judgment against petitioner in the amount of $5,435.56 on October 11, 1983 and filed a property execution with the Sheriff on November 26, 1991. Upon learning that the Sheriff intended to satisfy respondent's judgment out of the funds obtained in the levy upon Selbert's bank accounts, petitioner commenced this proceeding pursuant to CPLR 5239 to determine priorities in the funds. Supreme Court found in favor of respondent. Petitioner appeals.

We reject petitioner's principal argument that the Sheriff may not levy on funds collected on behalf of petitioner to enforce respondent's execution against petitioner and, accordingly, affirm. Petitioner has offered no persuasive reason why the Sheriff may not levy on such funds to enforce respondent's execution (see, CPLR 105 [i]; 5232) and *Matter of Baker v Kenworthy* (41 NY 215), although holding to the contrary, was decided under a different statutory scheme and, in our view, should not be followed (see, McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C105:4, at 41). Petitioner's remaining contentions have been considered and rejected.

Weiss, P. J., Levine, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, with costs.