**FEDERAL DEPOSIT INSURANCE CORP.**

v.

**Robert R. RODENBERG.**

**Civ. No. Y–81–3057.**

United States District Court, D. Maryland.

Nov. 29, 1985.

Rule 64, the District Court should apply the law of the state in which the case is pending when providing remedies for the purpose of securing satisfaction of a judgment. The relevant Maryland statute is Section 3–303 which provides in part:

> "An attachment before judgment may issue ... if the debtor is a nonresident individual, or a corporation which has no resident agent in this State, and:
>
> (1) The debtor is a person over whom the court could exercise personal jurisdiction pursuant to §§ 6–102, 6–103 and 6–104 of this article; or
>
> (2) The action involves claims to property in this State which property is to be attached; or
>
> (3) The action is any other in which the attachment is constitutionally permitted."

Plaintiff, Federal Deposit Insurance Corporation ("FDIC"), argues that the requisites for the issuance of a writ of attachment are present because defendant is a nonresident over whom the court has jurisdiction and also because the attachment is constitutionally permitted. FDIC also argues that the attachment is appropriate in this case, in which partial summary judgment has been granted which resolved questions of liability, and the only remaining issues concern damages which could amount to $900,000. Furthermore, defendant's assets are liquid and readily transferable.

Defendant Rodenberg argues that the writ of attachment should be denied on three separate bases: (1) plaintiff has not shown that attachment would serve the purpose of the Maryland statute and has not shown that the defendant has attempted to dispose of, conceal, or remove his assets as required by the Maryland statute; (2) plaintiff has not demonstrated a *prima facie* case of indebtedness as required by the Maryland statute; and (3) this Court lacks the jurisdiction to issue a writ of attachment before judgment on assets located outside of the State of Maryland.

Plaintiff's final contention on the limits of jurisdiction has merit and on that basis plaintiff's motion should be denied.

Steven K. Fedder, and Leslie C. Bender, Baltimore, Md., for plaintiff.

E. Stephen Derby, George A. Nilson, and Karen L. Myers Zauner, Baltimore, Md., for defendant.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

Plaintiff in this case has moved for a writ of attachment before judgment for garnishment of specified real property, bank accounts, and securities and commercial paper pursuant to Rule 64, Fed.R. Civ.P. and Sections 3–302 and 3–303, Mt. Cts. & Jud.Proc.Code Ann. (1974). Under

Under Rule 64, Fed.R.Civ.P., the Maryland law on attachment procedures should be applied by this Court under the same circumstances and in the same manner as in the Maryland state courts, unless an existing federal statute governs. Maryland's rule gives its courts the authority to issue an attachment at the commencement of the action or while it is pending against any property or credits belonging to the debtor upon application of the plaintiff. Md.Cts. & Jud.Proc.Code Ann. § 3–302 (1974). The only stated limitations are that the court must act within the limits of its jurisdiction, Section 3–302, and attachment may be issued in any of the circumstances described in Section 3–303. No particular elaboration is provided as to what the limits of a court's jurisdiction are, and therefore it is safe to assume that territorial limitations of the State are intended. Md. Cts. & Jud.Proc.Code Ann. § 1–501 (1974) (Jurisdiction and powers in general). In contrast to Maryland's long-arm statute extending personal jurisdiction, Md.Cts. & Jud.Proc.Code Ann. § 6–103 (1974), no specific extension of jurisdiction is established under Sections 3–302 and 3–303.

This interpretation of the Maryland statute is consistent with Maryland case law, which views a court's authority in attachment proceedings as derived from a "special and limited statutory power," *Belcher v. Government Employees' Ins. Co.*, 282 Md. 718, 387 A.2d 770 (1978), and which has described the attachment procedures as applying against property within this State. *Overmyer v. Lawyers Title Ins. Corp.*, 32 Md.App. 177, 359 A.2d 260 (1976), *cert. denied*, 429 U.S. 1123, 97 S.Ct. 1159, 51 L.Ed.2d 573; 3 M.L.E. Attachment § 32 (1984). Although the statute interpreted in *Overmyer* has been superseded, the general language is unchanged and there is no indication that the legislature intended to substantially extend the scope of jurisdiction over property in the revised statute. The superseded statute authorized attachment of property of a nonresident individual, without the additional qualifications specified under the current statutory scheme. *See* Md.Ann.Code, Rule G40(a) (1957) (superseded).

Although the plaintiff argues that this Court may apply Maryland's attachment procedures extraterritorially to accomplish the objectives of Rule 64, Fed.R.Civ.P., the cases relied upon do not support this proposition. As stated above, state law applies under Rule 64 to the extent that there is no applicable federal law. In *United States v. Thornton*, 672 F.2d 101 (D.C.Cir.1982), the court attached out of state property contrary to state law, but was acting pursuant to a federal statute giving the United States special collection rights. *See also United States v. Lord Electric Co.*, 43 F.Supp. 12 (W.D.Pa.1942). Additionally, this attachment was postjudgment, which, arguably, is a more expansive provision. Thus, the *Thornton* case is not helpful to the plaintiff.

Plaintiff also relies upon a number of cases which hold that state venue statutes cannot limit federal venue provisions. The issue here, however, is jurisdiction, not venue, and plaintiff's authorities are not on point.

Therefore, this Court should not expand the application of the Maryland attachment statute, and plaintiff's motion for writ of attachment before judgment must be denied.