PRESTIGE WINE & SPIRITS, INC.,
d/b/a Lawrence R. Coleman,
Imports, Plaintiff,

v.

MARTEL AND CO. et al., Defendants.

Civ. No. Y-87-559.

United States District Court,
D. Maryland.

March 9, 1988.

Jeffrey P. Hanes, Baltimore, Md., for plaintiff.

John J. Kenny, and Linda M. Richards, Baltimore, Md., for defendants.

William R. Golden, Jr., New York City, of counsel, for defendants J. & F. Martel and Martel and Co.

Louis S. Ederer, New York City, of counsel, for Jules Robin & Maison Briand.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

Plaintiff Prestige Wine & Spirits, Inc., a Maryland corporation doing business as Lawrence R. Coleman, Imports, has sued defendants, Jules Robin, S.A., a French alcoholic beverage producer; Maison Briand and Cie, Robin's subsidiary and exclusive worldwide distributor; Martel and Co., Robin's parent company headquartered in Cognac, France; and J. & F. Martel, Inc., Martel's subsidiary and United States agent organized under the laws of New York. Plaintiff claims that defendants breached a contract designating it as the sole United States importer and distributor of Robin's "De Valcourt" Brandy.

On June 17, 1987, the Court dismissed defendants Martel and Co., and J. & F. Martel, Inc., without prejudice pursuant to stipulation of counsel. The remaining defendants, Jules Robin, S.A., and Maison Briand and Cie, currently move to dismiss this action based on either lack of personal jurisdiction or *forum non conveniens.*

■ In *International Shoe Co. v. Washington*, 326 U.S. 310, 319, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945), the United States Supreme Court provided:

> [T]o the extent that a corporation exercises the privilege of conducting activities within a state, it enjoys the benefits and protection of the laws of that state. The exercise of that privilege may give rise to obligations, and, so far as those obligations arise out of or are connected with the activities within the state, a procedure which requires the corporation to respond to a suit brought to enforce them can, in most instances, hardly be said to be undue.

In this case, defendants contracted with plaintiff, a Maryland corporation, for systematic and continuous distribution of their product in the United States through the State of Maryland. Defendants regularly mailed invoices to plaintiff in Maryland, which plaintiff paid from Maryland. Such actions clearly establish defendants' "minimum contact" with Maryland "such that the maintenance of the suit [in the District of Maryland] does not offend 'traditional notions of fair play and substantial justice.'" *Id.* at 316, 66 S.Ct. at 158 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940)).

Defendants argue that, as French corporations, they have a statutory right under the laws of France to be sued in France, regardless of their contacts with Maryland. Article 15 of the French Civil Code provides:

> A French national shall have the possibility to be sued before a French court with respect to the obligations contracted by him in a foreign country, even with a foreigner.

Affidavit of Pierre Sanier ¶ 3. The French Supreme Court has construed the expression "shall have the possibility" as meaning "shall have the right." *Id.* Furthermore, unless a French national waives his right to be sued in France, French courts will not enforce a foreign judgment rendered against him. *Id.* at ¶ 4.

■ Article 15 of the French Civil Code does not affect this Court's conclusion that personal jurisdiction exists. Accordingly, defendants' motion to dismiss based on lack of personal jurisdiction is denied. However, Article 15 is relevant to the Court's consideration of defendants' motion to dismiss on the grounds of *forum non conveniens*.

It is well-established that a federal district court has discretion to dismiss a case based on *forum non conveniens. See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947), *cited with approval in Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, 102 S.Ct. 252, 258, 70 L.Ed.2d 419 (1981). Application of this doctrine is particularly appropriate when the "more convenient forum" is a foreign country, as opposed to another federal district. *Zinsler v. Marriott Corp.*, 605 F.Supp. 1499, 1504 (D.Md.1985); *Grodinsky v. Fairchild Industries, Inc.*, 507 F.Supp. 1245, 1248 (D.Md.1981).

In *Gulf Oil Corp.*, 330 U.S. at 508–09, 67 S.Ct. at 843, the United States Supreme Court provided several private and public interest factors for a district court to consider when applying the doctrine of *forum non conveniens:*

> An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.

Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

After considering the facts of this case in light of these private and public interest factors and the general bias against disturbing plaintiff's choice of forum, this Court concludes that it will maintain jurisdiction of this action.

Defendants argue that dismissal based on *forum non conveniens* is appropriate because they have claimed their right to be sued in France regarding their contractual obligations in the United States pursuant to Article 15 of the French Civil Code. Accordingly, they note that French courts will not enforce any judgment rendered by a United States court against them. Furthermore, defendants argue that they are judgment proof in the United States because title to their brandy passes in France before shipment to the United States.

Courts generally dismiss actions pursuant to the doctrine of *forum non conveniens* when a foreign statute prevents enforcement of a United States judgment abroad and defendant lacks assets in the United States to allow for domestic enforcement. *See Munsell v. La Brasserie Molson Du Quebec Limitee,* 618 F.Supp. 1383, 1388 (E.D.N.Y.1985) (Canadian statute); *Zinsler v. Marriott Corp.,* 605 F.Supp. 1499, 1505 (D.Md.1985) (Austrian law); *Syndicate 420 At Lloyd's, London v.*

*Glacier General Assurance Co.,* 604 F.Supp. 1443, 1448 (E.D.La.1985) (English act). Specifically, in *Olympic Corp. v. Societe Generale,* 333 F.Supp. 121, 123 (S.D. N.Y.1971), *aff'd,* 462 F.2d 376, 379 (2d Cir. 1972), the court dismissed a French corporation on the grounds of *forum non conveniens* because the French courts would not enforce a United States judgment against this French national pursuant to Article 15 of the French Civil Code and because this French corporation lacked assets subject to attachment in the United States.

The present case may be distinguished from *Olympic Corp.* because defendants, despite their contentions, are not judgment proof in the United States. Rule 69 of the Federal Rules of Civil Procedure provides that the judgment enforcement process is governed by the law of the state in which the federal district court is located. Md. [Cts. & Jud. Proc.] Code Ann. § 11–501 (1984) sets forth in pertinent part: "A sheriff or constable to whom any writ of execution is directed may seize and sell the legal or equitable interest of the defendant named in the writ in real or personal property." The Maryland statute defines "property" loosely to include accounts receivable. *See* Md. [Cts. & Jud.Proc.] Code Ann. § 11–504(b) (1984 & Supp.1987) (Exemptions from execution). Thus, any funds which plaintiff currently owes defendants may be used to satisfy a judgment against defendants.

Plaintiff may also satisfy a judgment against defendants by attaching funds owed to defendants by other parties in Maryland who are not involved in this action. Rule 64 of the Federal Rules of Civil Procedure dictates that state law governs the attachment procedure. Md. [Cts. & Jud.Proc.] Code Ann. § 3–302 (1984) provides:

A court of law including the District Court, within the limits of its jurisdiction, may issue an attachment at the commencement of the action or while it is pending against any property or credits, whether matured or unmatured, belonging to the debtor upon the application of the plaintiff in the action.

*See Northwestern National Insurance Co. v. William G. Wetherall, Inc.,* 267 Md. 378,

384, 298 A.2d 1 (1972); *Fico, Inc. v. Ghingher,* 287 Md. 150, 160, 411 A.2d 430 (1980). The Maryland statute suggests that this remedy of attachment during the course of litigation is limited to property located in Maryland. Md. [Cts. & Jud. Proc.] Code Ann. § 1–501 (1984) (jurisdiction and powers in general); *Federal Deposit Insurance Corp. v. Rodenberg,* 622 F.Supp. 286, 288 (D.Md.1985).

Plaintiff has selected Maryland, the state of its incorporation, to litigate its breach of contract claim against defendants because the contract involved shipment of defendants' product to Maryland, plaintiff's records documenting the history of the contract are in Maryland, plaintiff's witnesses who may testify regarding the contract's formation and alleged breach are in Maryland, and plaintiff has the right to choose the most convenient forum with proper jurisdiction. If plaintiff succeeds in this action and the proper defendants are before the Court, plaintiff will have ample opportunity to enforce the judgment of this Court in the United States. Accordingly, defendants' motion to dismiss on the alternative grounds of *forum non conveniens* is also denied.